### KOSCHERAK et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 7, 1899.)

#### No. 42.

1. CUSTOMS DUTIES—CLASSIFICATION—DECORATED GLASS BOTTLES.
   To bring glass bottles within paragraph 90 of the tariff act of 1894 which provides for such bottles "when cut, engraved, painted, colored, printed, stained, etched or otherwise ornamented or decorated," the cutting, engraving, etching, etc., thereon must be substantial and sufficient to amount to an ornament or decoration; otherwise, they are dutiable as plain glass bottles under paragraph 88.

**2. SAME.**

> Glass siphon bottles, intended for holding gas-charged waters, having etched thereon merely a name and address, with the words, "This siphon not to be sold," all inclosed in rectangular lines, are not dutiable under paragraph 90 of the tariff act of 1894, as ornamented or decorated bottles, but as plain glass bottles, under paragraph 88; but similar bottles having etched thereon a trade-mark design composed of the outlines of the figure of a woman, inclosed in an oval panel resting upon a scrolled base, are ornamented or decorated, and dutiable under paragraph 90.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal from a decision of the circuit court, Southern district of New York, affirming a decision of the board of general appraisers which affirmed a decision of the collector of the port of New York touching the classification of certain empty glass bottles.

Albert Comstock, for appellants.

Henry C. Platt, for the United States.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The merchandise was imported under the tariff act of August 27, 1894. The relevant paragraphs of the act are:

> "Par. 88. Flint and lime glass bottles holding more than one pint * * * whether filled or unfilled and whether their contents be dutiable or free, and other molded or pressed green and colored and flint or lime bottle glassware, not specially provided for," etc. "Par. 90. All glass bottles, decanters, or other vessels, or articles of glass when cut, engraved, painted, colored, printed, stained, etched, or otherwise ornamented or decorated except such as have ground necks and stoppers only, not specially provided for in this act, including porcelain or opal glassware, forty per centum ad valorem; provided that if such articles shall be imported filled the same shall pay duty in addition to any duty chargeable upon the contents as if not filled, unless otherwise specially provided for in this act."

The collector assessed the articles for duty under paragraph 90. The importers contend that they are dutiable under paragraph 88. They are siphon bottles intended for holding gas-charged waters. The frank concession of appellants' counsel leaves but a single question for discussion. His brief contains this statement:

> "If the siphon bottles in suit are ornamented or decorated, in the sense in which those words are used in paragraph 90, then the decisions below were correct, and should be affirmed. If paragraph 90 provides for all bottles which are etched, whether so decorated or ornamented or not, then, also, the decisions below must be affirmed."

The samples are before us, and the following excerpt from the findings of the board most fully and accurately describes them:

> "Upon some of these bottles, occupying a space of 3 by 2 inches, inclosed within rectangular lines, are the words: 'Otto Brandt, Newark, N. J. This siphon not to be sold.' The lines and words are etched upon the clear glass. Upon the other bottles the lines of the figure of a woman, and the general outline of the design, as well as the inscription, appear in the clear glass upon an etched background, occupying a space of about 3 by 5 inches. Within an oval panel containing the figure are the words, 'Hygeia,' on one side, and 'Trade-Mark,' on the other. This panel rests upon a scrolled base containing the

words, 'Hygeia Sparkling Distilled Water Company, 351 and 353 West 12th Street, New York, Copyrighted by F. T. King, 1883,'—the whole design being artistic and decorative in its effect."

The board reached the conclusion that, because congress expressly excepted from the enumeration of paragraph 90 such bottles as have ground necks or stoppers only,—a measure of grinding which would not amount to an ornament or decoration,—it must be understood to have intended that any bottles which were cut, engraved, etched, etc., to however limited an extent, were to be included in the enumeration. To give such a construction to the paragraph, it is, of course, necessary to dispose in some way of the pregnant word "otherwise"; and accordingly we find in the opinion of the board the statement that the exception of the bottles having ground necks and stoppers only "implies that the words 'otherwise ornamented or decorated' do not qualify the character of the cutting, engraving, or etching before provided for, but that the scope of the paragraph is enlarged to include any ornamentation or decoration applied to the glass article by other means than those recited. If this was not the intention of congress, why this exception?" There is force to this argument, but its acceptance would necessitate a most strained construction of the language used in the enumeration. It would lead to results which we can hardly believe congress intended, in view of the long-continued distinction between plain and decorated glassware,—such, for instance, as classifying an ordinary beer bottle having the brewer's name printed on it in the same category with a cut-glass decanter. Congress reconstructed this particular paragraph from provisions of the prior act, possibly to eliminate any question of commercial designation by making the language more distinctly descriptive, and certainly with the effect of making it read more smoothly, and at the same time including in the enumeration a reference to additional processes for ornamenting and decorating not specified in earlier acts. A reference to these earlier acts will be found helpful:

Tariff of 1883: "Par. 135. Articles of glass, cut, engraved, painted, colored, printed, stained, silvered or gilded, not including plate glass silvered, or looking glass plates, forty-five per centum ad valorem. Par. 136. All glass bottles and decanters, and other like vessels of glass, shall, if filled, pay the same rates of duty, in addition to any duty chargeable on the contents, as if not filled, except as in this act otherwise specially provided for."

Tariff of 1890: "Par. 106. All articles of glass cut, engraved, painted, colored, printed, stained, decorated, silvered, or gilded, not including plate glass silvered, or looking-glass plates, sixty per centum ad valorem." "Par. 111. All cut, engraved, printed or otherwise ornamented or decorated glass bottles, decanters or other vessels of glass shall, if filled, pay duty in addition to any duty chargeable on the contents, as if not filled, unless otherwise specially provided for in this act."

Under these acts it was uniformly held that, to make an article liable to the higher rate of duty, the process enumerated, whether cutting, painting, or what not, must be sufficiently substantial to remove the article from the group of plain to the group of decorated and ornamented glassware. The use in the new section of the phrase "or otherwise ornamented or decorated," after an enumeration of several processes by which an article may be ornamented or decorated, not only implies, but indicates, an understanding that this

result of the enumerated processes is to be an ornament or decoration, in order to bring the article within the terms of the paragraph. Under any other construction it must be held that congress, while using a form of words well recognized as conveying one meaning, intended that they should be given a different meaning, and should thus be destructive of a distinction between plain and decorated glassware which had been recognized for many years. There appears to have been some dispute from time to time as to the meaning of the words "cut" and "ground" glass. Question was also raised under the act of 1890 as to whether glass vials, not otherwise cut than with ground necks and stoppers, were dutiable as cut glass or as plain glass; and the board of general appraisers held that they were dutiable as plain. S. 14,931, G. A. 2560. From abundant caution, congress has expressly declared in the body of this paragraph that such bottles are not dutiable at the higher rate, but we are not prepared to assent to the proposition that thereby they intended to declare that the main sentence in the paragraph should be given any other than its ordinary well-settled and natural meaning. True, the provision as to the ground necks and stoppers was wholly unnecessary. Bottles cut only to this extent were not within the purview of the paragraph. But there is nothing surprising in the fact that congress has injected superfluous words, accomplishing no result, into a tariff act. Examples of overcarefulness producing carelessness in the use of words are abundant in every such statute. Indeed, we need not go beyond this very paragraph 90 for an illustration. It provides that all articles of glass, when cut, engraved, painted, colored, printed, and stained, not specially provided for, shall pay a duty of 40 per cent. ad valorem,—words wholly superfluous, for the next preceding paragraph (89) had already provided that all articles of glass, cut, engraved, painted, colored, printed, and stained, should pay 40 per cent. ad valorem. We are therefore of the opinion that the cutting, engraving, etching, etc., which will bring a glass bottle within the terms of this paragraph, must be substantial, and sufficient to amount to an ornament or decoration.

The question remains whether the etching in this case has progressed to such extent; in other words, whether the articles may be fairly said to be ornamented or decorated. The testimony as to the understanding of the trade is not helpful. Indeed, it is extremely doubtful whether trade usage, if well settled, would control in a case where congress has used language so distinctively descriptive. We have here not the phrase "cut bottles, engraved bottles, etched bottles * * * ornamented or decorated bottles," but "all glass bottles, when cut, engraved," etc. What is to be determined is whether, in the ordinary acceptation of the term, the bottle is in fact ornamented or decorated. With what intent the maker etched it would seem to be immaterial. Each case must be tested by the result accomplished. As to the first bottle, where there is nothing etched except the name and address of the owner, with the words, "This siphon not to be sold," inclosed within rectangular lines, we are clearly of the opinion that the bottle is not decorated or ornamented. On the other bottle, however, where the figure of the woman, combined with

scrollwork and background, at once challenges attention, there is undoubtedly an ornamental design, correctly described by the board as "artistic and decorative in its effect"; and it is none the less an ornamental design because it happens to be used as a trade-mark. The decision of the circuit court is affirmed as to the "Hygeia" bottle, and reversed as to the "Brandt" bottle.