packages were all of the same general kind (that is, hose), and as each dozen hose occupied about the same space, the court is of opinion that in this instance the importers' theory should be adopted. That is to say, each dozen of the different kinds of hose should pay the same proportion of the cost of the outside casing. Cases may arise, however, where it would be more just to apportion or prorate the cost of the outside casing, when the package contains different articles of different value, among the different articles in proportion to their value. But this is a case where justice requires that the apportionment should be made equally, at so much per dozen.

Judgment will be entered against the government for $68.62.

---

### UNITED STATES v. BORGFELDT.

(Circuit Court, S. D. New York. January 16, 1900.)

#### No. 2,757.

1. CUSTOMS DUTIES—CLASSIFICATION—ORNAMENTATION OR DECORATION—BOTTLE STOPPERS OF CHINA OR PORCELAIN.

Bottle stoppers of china or porcelain, on which there have been printed in various colors firm names, and trade-marks indicated by various devices, such as a monogram, a star, a bird, a lion, etc., are not ornamented or decorated, within the meaning of paragraphs 84, 85, Tariff Act Aug. 27, 1894, 28 Stat. 512, c. 349, relating to various kinds of earthenware when "not changed in condition by superadded ornamentation or decoration" (paragraph 84), and when "printed or otherwise decorated in any manner" (paragraph 85), and are dutiable under the former, and not the latter, of these provisions.

Appeal by the United States from a Decision of the Board of United States General Appraisers (G. A. 4,073), which Reversed a Decision of the Collector of Customs at the Port of New York.

Following is the opinion of the board in the case appealed (Somerville, General Appraiser):

The goods are porcelain or china bottle stoppers, upon which are printed the names of manufactures, or of the commercial firms by whom they are to be used, and their places of business, including, in some instances, trade-marks indicated by a monogram, star, shield, crescent, a bird, lion, or other device, as shown by the accompanying samples introduced in evidence at the hearing. The colors used are in some cases black only; in others, black with red or blue, one or both. The stoppers are glazed and fired, so as to render the colors permanent, and it appears from the testimony that they are not bought or sold in the trade as decorated china. They were assessed for duty at 35 per cent. ad valorem under paragraph 85 of the tariff act of August 27, 1894, 28 Stat. 512, c. 349, which reads as follows:

"85. China, porcelain, parian, bisque, earthen, stone, and crockery ware, including plaques, ornaments, toys, charms, vases, and statuettes, painted, tinted, enameled, printed, gilded, or otherwise decorated in any manner, thirty-five per centum ad valorem."

The claim made by the appellants is that the merchandise is dutiable at 30 per cent. ad valorem under paragraph 84 of said act, which reads as follows:

"84. China, porcelain, parian, bisque, earthen, stone, and crockery ware, including plaques, ornaments, toys, charms, vases, and statuettes, white, not changed in condition by superadded ornamentation or decoration, thirty per centum ad valorem."

Construing the two paragraphs together as statutory provisions in pari materia, it would seem that the descriptive terms, "painted, tinted, enameled, printed, gilded, or otherwise decorated in any manner," used in said paragraph 85, must be in the nature of a "superadded ornamentation or decoration," within the meaning of paragraph 84. It was so held by a former board in Re Davis, G. A. 3,712, from which no appeal was taken by the government. A trade-mark, in our judgment, is not such an ornamentation or decoration. It has been defined in various court decisions to embrace "a name, symbol, figure, letter, form, or device, adopted and used by a manufacturer or merchant to designate the goods he manufactures or sells and to distinguish them from the goods of another." It "may consist in the name of the manufacturer or the merchant (provided it be written, printed, branded, or stamped in a mode peculiar to itself) in a seal, letter, cipher, monogram, or any other sign or symbol that can serve to distinguish the products of one man from those of another." It may be "any symbol, or emblem, however unmeaning in itself, as a cross, a bird, a quadruped, a star, a comet, a sun." It "must be attached to the article manufactured in such a way as to be reasonably durable and visible." 2 Abbott's Law Dictionary, tit. "Trade-Mark," p. 586, and cases there cited.

As observed by this board in Re Witteman Brothers, G. A. 4,054, in reference to certain labels produced on bottles by the process of sandblasting, these trade-marks "would constitute disfigurements, rather than decorations, if used by other persons or for different purposes." This conclusion derives support from the decision of the Circuit Court of Appeals in United States v. Jonas, 83 Fed. 167, 169, 27 C. C. A. 500, holding certain handkerchiefs embroidered with initial letters not to be dutiable as embroidered handkerchiefs under paragraph 373 of the tariff act of October 1, 1890, 26 Stat. 594, c. 1244. The court (per Shiras, J.) observed as follows: "The Court of Appeals for the Second Circuit well said: 'The embroidery of a single letter upon the corner of the handkerchief is so limited in its extent, and of such comparative narrowness, as not to require that the handkerchiefs should be regarded as embroidered.' United States v. Harden, 15 C. C. A. 358, 68 Fed. 182. To the common apprehension we think the term 'embroidery,' as applied to a handkerchief, implies ornamentation, whereas an initial, whether embroidered or otherwise affixed upon the handkerchief, is but a mark of identification. The fact that the expense of embroidering the initial forms a considerable proportion of the entire cost of the handkerchief is not material. This additional expense does not make it an embroidered handkerchief. It is still an initial handkerchief, both in commercial and in popular designation."

The protests are sustained, and the collector's decision reversed as to all the items designated on the accompanying schedule, with the appropriate order of reliquidation. In other respects said decision is affirmed.

WHEELER, District Judge. Upon the findings of the board of general appraisers, their decision seems to be right.

Decision affirmed.

See Koscherak v. U. S., 39 C. C. A. 166, 98 Fed. 596.

---

### NEW YORK PHONOGRAPH CO. v. JONES.

(Circuit Court, S. D. New York. April 30, 1903.)

1. Equity Jurisdiction—Enjoining Interference with Contract Rights—Parties.

An exclusive licensee for the sale of patented articles within certain territory may maintain a suit in equity for an injunction against a third person, who with knowledge of the license is conspiring with the licensor to violate complainant's contract rights by selling the patented articles within such territory; and such suit being based on the tortious acts of defendant, and not upon any contract relation, neither the licensor nor any co-conspirator is a necessary party.