O. G. HEMPSTEAD & SON v. UNITED STATES.

(Circuit Court, E. D. Pennsylvania. May 28, 1903.)

Nos. 42, 83.

1. CUSTOMS DUTIES—FREE LIST—MUSEUM OR PREPARATION JARS.
   Museum or preparation jars are admissible free of duty.
2. SAME—REAGENT BOTTLES.
   Reagent bottles are admissible free of duty.
3. SAME—SURGICAL SCISSORS.
   Surgical scissors are admissible free of duty.

Thomas S. Gates and Frank P. Prichard, for plaintiff.
Wm. M. Stewart, Jr., and James B. Holland, for the United States.

J. B. McPHERSON, District Judge. Following the decision of the Court of Appeals for the Second Circuit in United States v. Presbyterian Hospital, 18 C. C. A. 338, 71 Fed. 866, 38 U. S. App. 201, where the list of articles declared to be free of duty clearly embraces such museum or preparation jars as are now in controversy, the ruling of the board concerning these articles must be set aside. On similar grounds, the reagent bottles should also have been admitted free of duty, or, at most, should have been charged with duty, under paragraph 99, as plain glass bottles, and not under paragraph 100, as ornamented or decorated. Tariff Act July 24, 1897, 30 Stat. 156, c. 11 [U. S. Comp. St. 1901, p. 1633]. The lettering upon the bottles is for utility, and not for ornament: Koscherak v. United States, 39 C. C. A. 166, 98 Fed. 596. That the lettering is so well done as to improve the appearance of the bottles seems to me to be of no importance. It remains lettering merely, without the slightest attempt at ornament, unless the white line drawn around the label is to be considered an attempt to decorate.

The surgical scissors should also have been admitted free of duty: United States v. Massachusetts Hospital, 41 C. C. A. 114, 100 Fed. 932.

Judgment may be entered in each case in accordance with this opinion.