### UNITED STATES v. D. S. HESSE & BRO.

#### SAME v. R. HOEHN CO.

(Circuit Court, S. D. New York. May 17, 1905.)

Nos. 3,634, 3,635.

CUSTOMS DUTIES—CLASSIFICATION—ARTICLES OF CUT GLASS.

As to certain cut glass thermometers, the cutting on which is not shown to ornament or decorate the articles, *held*, that they are not within the provision in Tariff Act July 24, 1897, c. 11, §1, Schedule B, par. 100, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633], for "articles of glass, cut, * * * or otherwise ornamented, decorated, or ground."

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below related to merchandise imported at the port of New York by D. S. Hesse & Bro. and the R. Hoehn Company, and reversed the assessment of duty on the merchandise by the collector of customs at said port, who had classified it under the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633], the pertinent part of which reads as follows:

"Par. 100.  *  *  *  Articles of glass, cut,  *  *  *  or otherwise ornamented, decorated, or ground."

D. Frank Lloyd, Asst. U. S. Atty.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

TOWNSEND, Circuit Judge (orally).  The merchandise in question, consisting of certain thermometers, was classified for duty under Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633], as "articles of glass, cut." The importer contended that the merchandise was properly dutiable under paragraph 112 of the same act 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635, as "manufactures of glass." The Board of Appraisers sustained the claim of the importers.

The article in question herein is not before the court for examination, and there is nothing in the return of the assistant appraisers to indicate whether the cutting thereon is of such a character as to ornament or decorate the article; and therefore the decision of the Board of General Appraisers is affirmed, on the authority of Koscherak v. U. S., 98 Fed. 596, 39 C. C. A. 166.