UNITED STATES v. L. STRAUS & CO.

(Circuit Court, S. D. New York. March 16, 1909.)

No. 5,084.

CUSTOMS DUTIES (§ 25*)—CLASSIFICATION—EARTHENWARE WITH ONE COLOR GLAZE—"DECORATED"—"STAINED."

Earthenware, to which a single color glaze has been added, is, under Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 96, 30 Stat. 156 (U. S. Comp. St. 1901, p. 1633), not only "decorated," but may also be reasonably concluded to be "stained," within the meaning of the paragraph.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 45; Dec. Dig. § 25.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below reversed the assessment of duty by the collector of customs at the port of New York. The case relates to the following provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 96, 30 Stat. 156 (U. S. Comp. St. 1901, p. 1633):

"96. * * * Earthen * * * ware * * * stained * * * or otherwise decorated or ornamented in any manner, sixty per centum ad valorem; if not ornamented or decorated, fifty-five per centum ad valorem."

The Board of General Appraisers held the goods in controversy to have been improperly classified as "decorated," sustaining the importers' contention for classification as "not ornamented or decorated." The board's opinion reads in part as follows:

HAY, General Appraiser. The merchandise, the classification of which is called in question in this case, is jardinieres made of ordinary earthenware and finished with a single or solid color glaze. * * * A vast amount of testimony was introduced, witnesses being called both by the importers and the government for the purpose of showing that the words "decorated or ornamented," as applied to earthenware, had a distinctive commercial meaning prior to and at the time of the passage of the law under which this merchandise is assessed. This testimony is of but little, if any, value. The witnesses introduced by the importer, all of them having some personal interest, either direct or remote, in the decision to be reached, apparently colored their testimony accordingly; and the witnesses introduced by the government, being interested in the domestic manufacture of like commodities, would seem to have had an interest upon the other side. At all events, the evidence, taken together, is of but little value. Yet we think, if it is to be weighed at all, taking the testimony of both sides, the importer has failed to establish by a preponderance of the evidence that the word "decorated" or "ornamented," as applied to earthenware, had any meaning different from the ordinary meaning at the time of the passage of the act. In fact, we think we are left in the decision of the case in practically the same situation as if there had been no testimony introduced by either side. The presumption is in favor of the correctness of the classification, but that classification is apparently in conflict with the law as pronounced by this board and the courts.

What might be our view if this question was presented to us as an original one is not important, as it seems to be pretty well settled by all the more recent decisions that a single or solid color does not change an article from a plain to a decorated or ornamented one, within the meaning of these words as used in paragraph 96. See Schade's Case, G. A. 5,336 (T. D. 24,424); Straus' Case, G. A. 6,061 (T. D. 26,443); Burley's Case, Abstract 13,136 (T. D.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

27,665); Koscherak v. U. S., 98 Fed. 596, 39 C. C. A. 166. If the rule which has been established by these cases is to be changed, we think it should be changed by the court.

The protests are therefore sustained, and the collector directed to reliquidate the entries, classifying the merchandise under paragraph 96, as earthenware not ornamented or decorated, and assessing duty at 55 per cent. ad valorem.

D. Frank Lloyd, Asst. U. S. Atty.

Walden & Webster (Henry J. Webster, of counsel), for importers.

LACOMBE, Circuit Judge. I concur in what seems to be the unconstrained opinion of the Board of General Appraisers, namely, that the addition of this colored glaze to the earthenware has "decorated" it within the meaning of the statute, although but a single color is shown. Indeed, it would seem upon the proofs to be a reasonable conclusion that the earthenware is "stained," although the stain is in the glaze, not in the substructure. Evidently the word "stained" has no special trade meaning. I do not concur, however, in the final conclusion of the board that they are constrained by former decisions of the courts to hold that the importations are "plain." Neither Koscherak v. U. S., 98 Fed. 596, 39 C. C. A. 166, nor U. S. v. Thurnauer, 159 Fed. 122, 86 C. C. A. 86, requires such a holding.

The decision is reversed.