## FRANK *v.* UNITED STATES (No. 562).[1]

CARMELITE WARE.

The importation is of earthenware cooking utensils known as carmelite ware and these are in the shape of bowls. The bowls have had imposed on them a thin white layer of vitreous glass, forming a smooth, hard coating that differs in color and character from the body on which it is laid and so constituting a new surface. These articles are enameled; they are recognized in the trade as enameled, and as such they were properly dutiable under paragraph 93, tariff act of 1909. They were in fact assessed erroneously at a lower rate than the proper rate, and accordingly, as the appellants are not in a position to complain, the decision of the board is affirmed.

United States Court of Customs Appeals, May 22, 1911.

APPEAL from Board of United States General Appraisers, Abstract 24234 (T. D. 31103).

[Affirmed.]

*Walden & Webster* (*Henry J. Webster* of counsel) for appellants.
*D. Frank Lloyd*, Assistant Attorney General (*Edwin R. Wakefield* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

In the year 1909, after the present tariff act went into effect, the appellants imported from Germany a consignment of earthenware cooking utensils known as carmelite ware. The articles were small bowls, casseroles, etc., made of a superior quality of finely ground clay. There are two exhibits filed in the case, one being a small pudding dish, the other being a shirred-egg dish, and these are said to be similar in character to the other articles included within the importation.

The collector held that the merchandise fell within the provisions of paragraph 94 of the act, and was therefore dutiable at 55 per cent ad valorem. The appellants protested against that assessment and claimed that the articles were dutiable at 35 per cent ad valorem

---

[1] Reported in T. D. 31633 (20 Treas. Dec., 1098).

under paragraph 95 of the act. Certain alternative claims were made by appellants, but this is the claim insisted upon by them.

The board heard the protest upon evidence and overruled the same, which ruling is now presented to this court for review.

The following three paragraphs of the act of 1909 contain the enactments which control this case, and they are therefore copied in full.

93. China, porcelain, parian, bisque, earthen, stone and crockery ware, including clock cases with or without movements, pill tiles, plaques, ornaments, toys, charms, vases, statues, statuettes, mugs, cups, steins, and lamps, all the foregoing wholly or in chief value of such ware; painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner; and manufactures in chief value of such ware not specially provided for in this section, sixty per centum ad valorem.

94. China, porcelain, parian, bisque, earthen, stone and crockery ware, plain white, plain brown, including clock cases with or without movements, pill tiles, plaques, ornaments, toys, charms, vases, statues, statuettes, mugs, cups, steins, and lamps, all the foregoing wholly or in chief value of such ware, not painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner; and manufactures in chief value of such ware not specially provided for in this section, fifty-five per centum ad valorem.

95. Articles and wares composed wholly or in chief value of earthy or mineral substances, not specially provided for in this section, whether susceptible of decoration or not, if not decorated in any manner, thirty-five per centum ad valorem; if decorated, forty-five per centum ad valorem; carbon, not specially provided for in this section, twenty per centum ad valorem; electrodes, brushes, plates, and disks, all the foregoing composed wholly or in chief value of carbon, thirty per centum ad valorem.

As has been stated, the merchandise was classified by the collector under paragraph 94 and assessed at 55 per cent ad valorem, but it is now conceded by the Government that this ruling was incorrect. On the other hand, the Government maintains that the collector erred in favor of appellants, and that the goods should have been assessed at 60 per cent ad valorem as enameled earthenware, under the provisions of paragraph 93. This contention of the Government and the corresponding protest of appellants, together make up the issue now appearing in the case. The question, therefore, is whether or not the articles composing the importation are enameled earthenware within the meaning of paragraph 93 as above copied.

The outer body of each of the vessels in question is composed of brown clay. This constitutes the frame of the article and gives it its full form and shape. Within the concave bowl of each vessel is a thin layer of white material which covers the inner surface and which is laid upon the brown clay before going into the kiln. The brown clay forms by far the larger bulk of the article, the white layer being quite thin and comprising not more than one-tenth of the material of the vessel. The entire surface of each piece, both inside and out, is also covered with a smooth, transparent, vitreous glaze.

The materials entering into the construction of the articles are named by a witness who manufactures in this country wares similar

to those at bar.   His testimony is not contradicted in the record so far as it relates to the materials composing the articles.

The brown part of the vessel is made of brown clay, into which an addition of oxide of iron is mixed.   The white layer is made of china clay, with additions of ball clay, some lead, cobalt, and oxide of tin. The vitreous glaze is made of glass and oxide of tin.   The materials composing the white lining of the bowls and also the glaze are the same as those used to enamel steel hollow ware to produce the white inner surface which protects the metal base from the action of corrosive acids.

The witness above referred to also states that the white lining of the vessels and the vitreous glaze were known in the trade as enamel. In this, however, he is contradicted by two other witnesses, who have been engaged in the trade for many years, not as manufacturers, but as merchants, and who never heard the term "enamel" applied to such a finish.

The appellants contend that neither the white lining nor the glaze can be called enamel; that the one is essentially a part of the structure of the bowl and is simply white chinaware, and that the other is transparent, whereas enamel must be colored or opaque.

Various definitions of the word "enamel," taken from dictionaries, are quoted by counsel in their briefs, but the following are the ones which seem to be most apt and authoritative.

Murray's English Dictionary:

*Enamel* (n.): 1. d. In recent use applied to any composition employed to form a smooth, hard coating on any surface (e. g., on pottery, wood, leather, paper, etc.).   cf. Enamel v. 2.

*Enamel* (v.): 2.   In various extended uses:

a. To apply a vitreous glaze by fusion to (surfaces of any kind, e. g., pottery).

Century Dictionary and Cyclopedia:

*Enamel* (n.): 1. In ceram., a vitrified substance, either transparent or opaque, applied as a coating to pottery and porcelain of any kind.   It is simply a fusible kind of glass, and when transparent is commonly called a *glaze*.   A vitreous coating of similar character is applied to a class of iron utensils for cooking, etc., and is made to serve other useful purposes.

These definitions show that a recognized and authorized extended or secondary meaning has been given to the word "enamel" as applied to such manufactures as those at bar; that it is applied to "any composition employed to form a smooth, hard coating on any surface," such as pottery.   The white glaze imposed upon the bowls of steel hollow ware is thus called enamel, and is so designated in paragraph 158 of the tariff law.

In the light of these definitions the thin white layer imposed upon the brown frame of the bowl, covered as it is by a vitreous glaze, may properly be called enamel.   That layer is in the nature of an added

surface covering the real body of the article, and is composed of the same materials as those forming the steel-ware enamel above mentioned. It forms a smooth, hard coating different in color and character from the body upon which it is laid, and it constitutes simply a new surface for the article. It is also doubtless true that this has come to be recognized in the trade under the name of enamel so generally as to be established as a trade designation, even if it were not an ordinary meaning of the term. This appears from the testimony of the Government witness.

This conclusion finds further confirmation in the history of the recent and present legislation upon this subject.

In the tariff act of 1897 it was provided in paragraph 95 that earthenware "painted, tinted, stained, enameled, printed, gilded, or *otherwise* decorated or ornamented in any manner" should be dutiable at 60 per cent ad valorem, but if plain white and without superadded ornamentation of any kind it should be dutiable at 55 per cent ad valorem.

In December, 1899, the Circuit Court of Appeals, Second Circuit, decided the case of Koscherak *et al. v.* United States (98 Fed. Rep., 596), which involved the construction of a similar provision relating to glass bottles contained in paragraph 90 of the tariff law of 1894. In that paragraph it was provided that all glass bottles when cut, engraved, painted, colored, printed, stained, etched, or *otherwise* ornamented or decorated  *  *  *  should be dutiable at 40 per cent ad valorem. Paragraph 88 of the same act made plain glass bottles dutiable at a different rate. In construing the language of paragraph 90, above named, the court in the case just cited held that the cutting, engraving, painting, coloring, printing, staining, or etching of the glass bottles "must be substantial and sufficient to amount to an ornament or decoration," otherwise the bottles would be assessed as plain glass bottles under paragraph 88 of the act. This was by force of the word "*otherwise*" appearing as it did in the construction.

According to this decision, therefore, the provision of paragraph 95 of the act of 1897 for a rate upon earthenware enameled or *otherwise* decorated or ornamented in any manner would apply only where the enameling was "substantial and sufficient to amount to an ornament or decoration." Any enamel which was not decorative or ornamental in character would not bring the enameled article within the scope of the paragraph.

When Congress, in 1909, drafted the present paragraph 93, the same provisions for enameled earthenware were contained within its terms, except that the word *otherwise* was omitted therefrom. This omission was certainly not inadvertent. It is indeed fair to conclude that it was made in answer to the decision in the above-named case or at least with full knowledge of it. The omission eliminated from the paragraph the single term which, according to the decision, required the enameling to be substantial and sufficient to amount to

an ornament or decoration in order to bring the enameled article within its provisions. This amounted to an expression of legislative purpose to include within the provision for enameled earthenware such enameling as did not amount to an ornamentation or decoration of the article. In the manufacture of the articles at bar this condition appears. The white inner layer is a covering of the surface of the article to promote its usefulness rather than to improve its appearance, and is not an ornament or decoration in the ordinary sense of those terms as applied to enameling. It seems, therefore, to fall within the class created by the paragraph as thus changed, in which an enameling is recognized that might be called industrial, as contradistinguished to jewelers' enameling. It is not meant that these are statutory terms; they are used by way of illustration only.

This presents the conclusions of the court upon the merits of the case. There are various questions of procedure presented by the brief of appellants, but some of them. are not properly saved for review here and the others do not appear to be substantial.

There is no error apparent in the record to the prejudice of appellants, and the decision of the board is therefore *affirmed*.