RICHARD & CO. *v.* UNITED STATES (No. 1065).[1]

"RAJAH" PORCELAIN SPARK PLUGS.

Neither the tariff act nor the trade-mark statute contains any express provision according to which the employment of "Rajah" printed on a porcelain spark plug can be taken to fix an exemption in favor of such a ware as against similar ware printed with similar names in common use. The spark plugs are dutiable as assessed under paragraph 93, tariff act of 1909.

United States Court of Customs Appeals, May 31, 1913.

APPEAL from Board of United States General Appraisers, Abstract 30328 (T. D. 32905).

[Affirmed.]

*Curie, Smith & Maxwell* (*Thomas M. Lane* of counsel) for appellants.
*William L. Wemple,* Assistant Attorney General (*William A. Robertson,* special attorney, of counsel; *Charles Duane Baker,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise now before the court consists of Rajah spark plug porcelains.

The articles were returned by the appraiser as printed chinaware dutiable at 60 per cent ad valorem under paragraph 93 of the tariff act of 1909. Duty was assessed accordingly.

---

[1] Reported in T. D. 33533 (24 Treas. Dec., 1012).

The importers protested against the assessment, claiming that the porcelains were not printed ware, and that they were dutiable at 55 per cent ad valorem under paragraph 94 of the act.

The protest was duly submitted to the Board of General Appraisers and was overruled, from which decision the importers now appeal.

The following is a copy of the competing paragraphs in question:

93. China, porcelain, parian, bisque, earthen, stone and crockery ware, including clock cases with or without movements, pill tiles, plaques, ornaments, toys, charms, vases, statues, statuettes, mugs, cups, steins, and lamps, all the foregoing wholly or in chief value of such ware; painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner; and manufactures in chief value of such ware not specially provided for in this section, sixty per centum ad valorem.

94. China, porcelain, parian, bisque, earthen, stone and crockery ware, plain white, plain brown, including clock cases with or without movements, pill tiles, plaques, ornaments, toys, charms, vases, statues, statuettes, mugs, cups, steins, and lamps, all the foregoing wholly or in chief value of such ware, not painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner; and manufactures in chief value of such ware not specially provided for in this section, fifty-five per centum ad valorem.

The identical articles now in question were before this court in the case of Richard & Co. v. United States (3 Ct. Cust. Appls., 193; T. D. 32469). In that case the court held them to be printed ware, dutiable as such under the same classification as that now upon appeal. It was conceded in that case, as in this, that the only printing which appears upon the porcelains was the inscription "Made in Germany" and the name "Rajah." It was decided by the court that the inscription "Made in Germany" did not classify the articles as printed wares within the meaning of paragraph 93. This conclusion was based upon the fact that the inscription in question was placed upon the wares in obedience to the mandate of section 7 of the tariff act. It was decided, however, that the printed word "Rajah" appearing upon the articles had the effect of bringing them within the classification of printed wares within the meaning of paragraph 93.

In the case above cited the importers alleged that the word "Rajah" was their registered trade-mark and that its appearance upon the porcelains was necessary under the statute to protect them in that right. The importers therefore contended that the printing of the trade-mark upon the porcelains in question should not have the effect of advancing their classification from plain to printed wares. That proposition, however, was not passed upon by the court, since the testimony wholly failed to prove that the name was a registered trade-mark and, indeed, but doubtfully, tended to prove that the name was even a common-law trade-mark.

In the present case, however, the importers have proven that the name "Rajah" is their trade-mark for such wares as these and also that the trade-mark was duly registered as such with the United States Patent Office under the act of February 20, 1905 (33 Stat. L.,

pt. I, p. 724). It does not appear from the testimony, however, whether or not the trade-mark in question was recorded in the Treasury Department and transmitted to the customs officers, in pursuance of section 27 of the act just cited, nor did the porcelains in question bear the inscription "Reg. U. S. Pat. Off.," provided in section 28 of the act. It does not become necessary, however, for the court in the present opinion to refer again to those provisions.

As already stated, this court, in the former Richard case, has decided that the porcelains now on appeal are printed porcelain wares, dutiable under paragraph 93, and the court is now called upon to decide whether or not this result is avoided by the present proof that the printing in question is the trade-mark name of the articles, as above stated.

In answer to this question it may be said that the provisions of paragraph 93 are comprehensive in character, applying to porcelain ware if "painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner." The paragraph does not imply that any printed porcelain ware shall be excepted from its terms. Nevertheless, the court has held that the inscriptions which the tariff act itself manifestly requires to be upon all importations shall be excepted from the general provisions of the paragraph in question. The reasons for that ruling are apparent. The inscription "Made in Germany" was placed upon the articles not for the profit or advantage of the importers nor because of their voluntary action. They were compelled by the mandate of the act itself to place that inscription upon the imported articles. This requirement of the law was enacted in the line of purely public policy by the provisions of the same statute which prescribed the conditions of paragraph 93.

It seems clear, however, that these considerations do not apply to the registered trade-mark now in question. It is entirely optional with the importers whether or not they shall print the name "Rajah" upon their wares. The law permits but does not compel them to do so. If the importers print the name upon their articles they do so for their own profit and advantage. The trade-mark laws give to the importers the exclusive right to print the registered name upon their wares. If the name were in common use and not registered these articles would concededly be printed wares under paragraph 93. According, therefore, to appellants' contention if importers print upon such wares a name which is in common use that fact would classify the wares as printed wares under paragraph 93, but if under the trade-mark laws the importers secure the exclusive use of a similar name and print it upon their wares such printing would not constitute them printed wares under the paragraph. It will be seen therefore that the effect of appellants' claim would be to give a partial exemption from duty to porcelain wares printed with trade-

mark names as compared with similar wares printed with similar names in common use. This claim is founded upon construction only, for neither the tariff act nor the trade-mark statute contains any express provision which supports such a claim. Such an exemption as that claimed for these importations should be sustained only upon clear authority, and none such appears in the present case.

There is an additional consideration affecting the present question which is entitled to mention. Paragraph 93 includes china, porcelain, parian, bisque, earthen, stone, and crockery ware, if painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner. Under this paragraph if printed wares of the kinds mentioned are excluded from the classification because the printing thereon is a trade-mark, it is difficult to see why painted, colored, tinted, stained, enameled, gilded, ornamented, or decorated wares should not also be excluded therefrom if those processes are applied to produce a trade-mark upon the respective articles. It is of course well known that trade-marks are not limited to names only, but under certain limitations may comprise any word, mark, or device used for the primary purpose of identifying specific goods as being of a definite origin or ownership. Such devices are sometimes elaborate and ornamental. An instance of this kind occurs in the case of Koscherak et al. v. United States, Circuit Court of Appeals, Second Circuit (98 Fed., 596). The merchandise involved in that case was glass bottles imported under the tariff act of August 27, 1894. Some of the bottles had etched thereon a trade-mark design composed of the outlines of a woman's figure inclosed in an oval panel resting upon a scrolled base. Paragraph 90 of the governing act provided for bottles when cut, engraved, painted, colored, printed, stained, etched, or otherwise ornamented or decorated. The question was whether or not the bottles in question were dutiable under the foregoing classification. The court said:

On the other bottle, however, where the figure of the woman, combined with scrollwork and background, at once challenges attention, there is undoubtedly an ornamental design, correctly described by the board as "artistic and decorative in its effect;" and it is none the less an ornamental design because it happens to be used as a trade-mark.

It should be noted that the foregoing paragraph provided for bottles which were cut, etc., "or otherwise ornamented or decorated." It therefore applied to etched bottles only when the etching was ornamental or decorative in character. The court found the given trade-mark to be ornamental and decorative in character and therefore sustained an assessment of the articles under the paragraph. However, in the paragraph now under review the printing in question need not be decorative or ornamental in character in order to bring the printed wares within the purview of the paragraph. Frank v.

United States (2 Ct. Cust. Appls., 85; T. D. 31633). However, the foregoing decision holds that an ornamental etching upon glass bottles brought the articles under the classification as such, notwithstanding the fact that the etching was a trade-mark. The same rule certainly applies to the printed articles now before the court.

In the view of the case above expressed the decision of the board should be *affirmed.*