UNITED STATES *v.* BERNARD, JUDAE & CO., (No. 1233).[1]

"CENCO" IMPRINTED WHITE CHINA PLATES.

> On these white china plates "Cenco" is so placed and so printed as to be attractive in color and design, and so become as well as a trade-mark a matter of adornment or decoration.—Richard & Co. *v.*United States (4 Ct. Cust. Appls., 359; T. D. 33533).

United States Court of Customs Appeals, October 24, 1913.

APPEAL from Board of United States General Appraisers, Abstract 33187 (T. D. 33660).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Frank L. Lawrence,* special attorney, on the brief), for the United States.

Submitted on record by appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges

DE VRIES, Judge, delivered the opinion of the court:

The merchandise the subject of this importation, as disclosed by the record, consists of white china plates upon which is imprinted the word "Cenco." The imprint is in the center of the plate, is about 1⅜ inches long, and included within two concentric circles about 1⅝ inches in diameter. The design is so placed and printed as to be attractive in color and design, and become as well as a trade-mark a matter of adornment or decoration.

The duty was assessed under paragraph 93 of the tariff act of 1909, by the collector at the port of Chicago, which provides for "China * * * printed, or ornamented or decorated in any manner; * * *."

The decision of the board is brief and recites:

> From the testimony in this case we do not think the merchandise is decorated china as provided for in paragraph 93 and construed by the board and the courts.

The last expression of this court upon the subject is in Richard & Co. *v.* United States (4 Ct. Cust. Appls., 359; T. D. 33533), in effect

---

reaffirming Richard & Co. v. United States (3 Ct. Cust. Appls., 193; T. D. 32469). In that case the word "Rajah," somewhat ornamental in design, though constituting a trade-mark, printed upon spark plugs was held to bring the articles within the provisions of said paragraph 93 of the tariff act of 1909. The decision is in accord with previous decisions of the board and of the courts, and it seems unnecessary to reiterate the reasoning so frequently declared upon the subject by those authorities. See Richard & Co. v. United States (4 Ct. Cust. Appls., 359; T. D. 33533); Richard & Co. v. United States (3 Ct. Cust. Appls., 193; T. D. 32469); In re Ways, G. A. 7009 (T. D. 30543); In re Richard & Co., Abstract 26244 (T. D. 31804); Koscherak v. United States (98 Fed., 596); Frank v. United States (2 Ct. Cust. Appls., 85; T. D. 31633).

*Reversed.*