LANGLEY *et al. v.* UNITED STATES (No. 1259).[1]

ICE TANKS MADE OF CHINA OR EARTHENWARE.

> Paragraph 92, tariff act of 1909, more specifically applies to this merchandise than paragraph 93, and the protest covers the claim under paragraph 92. The provision in paragraph 92 is for yellow earthenware "coated with white or transparent vitreous glaze." This covers all yellow earthenware coated with white or transparent vitreous glaze that has no other ornamentation or decoration than white or vitreous glaze, and this specifically describes the goods here.

### United States Court of Customs Appeals, January 14, 1914.

APPEAL from Board of United States General Appraisers, Abstract 33311 (T. D. 33677), Abstract 33447 (T. D. 33709).

[Reversed.]

*Curie, Smith & Maxwell* (*Thomas M. Lane* of counsel) for appellants.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Henry H. Childers,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise involved in this case was described by the appraisers as so-called ice tanks made of china or earthenware, having a white glaze on the inside and a brown glaze on the outside. The appraisers held that these articles, on account of having the brown glaze, were subject to the provisions of paragraph 93, which prescribes a rate of 60 per cent ad valorem on all china, earthenware, etc., which is "painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner." The importers, protested the assessment, claiming the goods to be dutiable under paragraph 92, and produced evidence before the board which appears undisputed and which is supported by an examination of the samples introduced in evidence in the case, to the effect that the ice tanks in question were made of fire clay, yellow in color, and that it is yellow ware coated with white glaze on the inside and transparent vitreous glaze on the outside. The board overruled the importers' protest, basing its ruling on a previous decision in Way's case, G. A. 7009 (T. D. 30543) and upon Frank *v.* United States (2 Ct. Cust. Appls., 85; T. D. 31633). The decisions in question, as well as the one here under consideration, were rested upon paragraph 93 of the tariff act of 1909, and in neither of the cases cited was paragraph 92 under consideration. It remains, therefore, for us to determine whether the importation in question is to be differentiated from those there under consideration, and whether it falls within the terms of paragraph 92, as claimed by the importer.

It is doubtless true that in the absence of more specific provision these articles would fall within paragraph 93 as crockery ware, enameled. But the question remains as to whether the provision of paragraph 92 is more specific. It was said in the opinion in this case

---

[1] Reported in T. D. 34102 (26 Treas. Dec., 107).

that the only claim urged by the attorney for the importers was under paragraph 95 for articles and wares composed in chief value of earthy or mineral substances. This the importers' counsel claims was an error. The record, however, does not show precisely what was urged before the board in the brief, but the protest clearly covers the claim here made under paragraph 92.

We turn then to paragraph 92 to see what is provided. This paragraph reads as follows:

92. Common yellow, brown, or gray earthenware, plain, embossed, or salt-glazed common stoneware, and earthenware or stoneware crucibles, all the foregoing not decorated in any manner, twenty-five per centum ad valorem; yellow earthenware, plain or embossed, coated with white or transparent vitreous glaze but not otherwise ornamented or decorated, and Rockingham earthenware, forty per centum ad valorem.

The precise contention is that the provision for earthenware "coated with white or transparent vitreous glaze" is more specific than the provision for earthenware, enameled. We think this contention should be sustained. The article here involved comes precisely within the narrow term "yellow earthenware * * * coated with white or transparent vitreous glaze but not otherwise ornamented or decorated." This plainly covers all yellow earthenware coated with white or transparent vitreous glaze which has no other ornamentation or decoration than white or transparent vitreous glaze. One or both may be present, white or transparent vitreous glaze, but no other or further ornamentation or decoration is permissible. It would be difficult to conceive of a more specific description of the article here involved than is furnished by the language above quoted, as thus interpreted. It is more specific than a general provision for enameled ware.

The decision of the board is reversed, and the claim of the importers under paragraph 92 is *sustained*.