UNITED STATES *v.* N. M. ALBERT CO., MAX STEINMETZ (No. 4755)[1]
N. M. ALBERT CO., MAX STEINMETZ *v.* UNITED STATES (No. 4756)

___

[1] C. A. D. 549.

United States Court of Customs and Patent Appeals, February 3, 1954

*Warren E. Burger*, Assistant Attorney General (*William J. Vitale*, special attorney, of counsel), for the United States.

*Sharretts, Paley & Carter* (*Amos B. Sharretts* and *Joseph F. Donohue* of counsel) for importer.

[Oral argument December 10, 1953, by Mr. Vitale and Mr. Donohue]

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Associate Judges

JOHNSON, Judge, delivered the opinion of the court:

These are appeals from a judgment of the United States Customs Court, Third Division, pursuant to its decision, C. D. 1455.

The importation consists of agates which had been cut into rather thin slices and partially dyed. The merchandise was entered as rough agates, uncut, under duty-free paragraph 1668 of the Tariff Act of 1930. The collector assessed duty at the rate of 20 per centum ad valorem as manufactures of mineral substances, decorated, under paragraph 214 of the Tariff Act of 1930, as amended by T. D. 51909. The importers claimed the merchandise to be free of duty under paragraph 1603 of the Tariff Act of 1930 as agates, unmanufactured, or properly dutiable either as "other" semiprecious stones, cut but not set, and suitable for use in the manufacture of jewelry, under paragraph 1528 of the Tariff Act of 1930, as modified by T. D. 51802, at 5 per centum ad valorem; or as earthy or mineral substances, wholly or partly manufactured but not decorated, under paragraph 214 of the Tariff Act of 1930 at 15 per centum ad valorem, as modified by T. D. 51808.

The Customs Court sustained appellee's contention under paragraph 214 and assessed the merchandise as earthy or mineral substances partly manufactured, but not decorated, at 15 per centum ad valorem.

The United States appealed from the judgment of the Customs Court and contends the assessment of duty by the collector is correct.

The appellees have cross-appealed and contend that the merchan-

dise is properly classifiable under paragraph 1603 as agates unmanufactured and entitled to free entry.

The pertinent provisions of the statutes involved are:

Par. 214. Earthy or mineral substances wholly or partly manufactured and articles, wares, and materials (crude or advanced in condition), composed wholly or in chief value of earthy or mineral substances, not specially provided for, whether susceptible of decoration or not:

    *        *        *        *        *        *        *

Other: * * *

If not decorated in any manner_____ 15% ad val.
If decorated_____ 20% ad val.

Unmanufactured agate is provided for in the Free List of the Tariff Act of 1930 as follows:

Par. 1603. Agates, unmanufactured.

Exhibit 1 is a sample of the imported merchandise. It is a piece of partially dyed agate which has been sliced out of rough agate, which weighs from 100 to 300 pounds, by means of a diamond·saw.

The evidence discloses that appellee when ordering the merchandise gave the directions for slicing the agate to the thickness desired and for the agate to be test dyed before importation to determine if it would take dye; that all agate will not take dye in the same degree; that the agate is milky gray and sometimes milky red before dyeing and that the imported merchandise, when dyed 100 per cent black, is known as black onyx and is used by the importer only in the manufacture of jewelry; that in the test dyeing operation the agate is left in the dye from two to three weeks but that it must be left in the dye six weeks to dye it 100 per cent black; that after importation the agate is sliced into small pieces, cut into shapes suitable for the importers use in manufacturing jewelry, redyed to 100 per cent black and then polished.

A sample of one of the pieces of agate which had been cut to shape, redyed and polished was admitted in evidence as illustrative Exhibit 2.

The Government's Exhibit A is laboratory report C–12171 of the United States Customs Laboratory of a sample of the imported merchandise which states "The sample, in thinly cut slabs, is natural agate, artificially colored."

Appellee contends that the involved merchandise is unmanufactured because "the processes applied to the agates prior to importation do not result in a partial preparation sufficient to dedicate them to a particular use and remove them from the description, 'agates, unmanufactured,' as provided for in duty-free paragraph 1603," also that the merchandise is not decorated because its appearance has not been enhanced.

The Government contends that as imported agates are cut or sliced

into slabs of a specified width and thickness and partially dyed; that they have therefore been brought to a stage in the development thereof toward the finished article of jewelry, the use for which it was dedicated, and cites the case of *L. W. Stilwell* v. *United States*, 51 Treas. Dec. 94, T. D. 41969 wherein the Customs Court held that:

"Agates, unmanufactured" in paragraph 1503 of the free list evidently means agates as they come from the earth.  * * *

The issue in the *Stilwell* case, *supra*, is similar to the issue here. We agree with the Government's contention that "Since Congress enacted paragraph 1603 in the Tariff Act of 1930 without change in language over paragraph 1503 of the Tariff Act of 1922, it amounts to legislative approval of the judicial interpretation of the provisions for 'Agates, unmanufactured.' "

"A mere stage in the development of the material toward an ultimate and predestined product" is a partial manufacture. *Tide Water Oil Company* v. *United States*, 171 U. S. 210; *Henry Pollak, Inc.* v. *United States*, 22 C. C. P. A. (Customs) 81, T. D. 47066.

The slabs of agate before importation were not completely dyed to 100 per cent black so as to enable the importer to use them as black onyx but the dyeing was partially complete as admitted by the importer. A partial manufacture is admitted in appellee's brief wherein it states:

The test dye contributes only to a small degree to the final product made from the imported agate.

We think the slicing of the agate into certain width and thickness and the partial dyeing of the agate slabs as directed by the importer at least partially prepared the agate for its ultimate use as articles of black onyx jewelry and that the importation comes within the description of an earthy or mineral substance partly manufactured.

The only remaining issue is whether or not the partial dyeing of the agate before importation constitutes a decoration within the provisions of paragraph 214.

The fact that the statute states one alternative as "If not decorated in any manner" and the other alternative as "If decorated" might well cause the second alternative to be construed as meaning "If decorated in any manner." Both parties seem to have adopted that construction. Appellee's brief states:

* * * then the only question involved is whether or not the test-dyeing of the agate constitutes them to be "decorated in any manner."

The testimony is that the agate is of no value to appellee for the purpose he desires to use it, to-wit: in the manufacture of black onyx jewelry, unless it will take dye so as to become 100 per cent black.

In the case of *Upsal Street Realty Co.* v. *Rubin*, 326 Pa. 327 it was held that to "decorate" means to increase in beauty by the addition of something becoming or beautiful. "Recourse to dictionary defini-

tions indicates that to bring an article within the meaning of the term 'decorated' or 'ornamented,' it must be increased in beauty by the addition of something becoming or ornamental. (Webster's New International Dictionary, 2d Edition, 1948; New Century Dictionary, Vol. 1, 1946 Edition.)" *Will & Baumer Candle Co., Inc.* v. *United States*, 21 Cust. Ct. 149, C. D. 1146.

In the case of *United States* v. *L. Straus & Co.*, 168 F. 569, 570 (17 Treas. Dec. 266, T. D. 29648) it was held that the addition of a single color glaze to earthen ware was a decoration.

We do not think the case of *G. W. Thurnauer & Bro.* v. *United States*, 159 Fed. 122, cited by appellee, is in point here. In that case the importation was small round china cooking and serving dishes in which eggs, macaroni and cheese were cooked over the fire or in the oven and are then served in the dishes upon the table. The dishes were white with the exception that they were irregularly colored brown upon their sloping undersides. The testimony in the case showed that the coloring was put on to conceal smoke and finger marks and the court held that merely adding color to the white china for utilitarian purposes does not make them decorated china.

In the case of *Armand Schwab & Co., Inc.* v. *United States*, 32 C. C. P. A. (Customs) 129, C. A. D. 296, which involved partially bleached hats, it was held that the word "bleached," when used in a paragraph without any degree of bleaching being set forth, that a substantial degree of bleaching is sufficient. We think the same reasoning should be applied with respect to the word "decorated" as found in paragraph 214, *supra*.

We think the dyeing of the agate so as to make it 100 per cent black, which requires it to remain in the dye six weeks, is a decoration, and that the partial dyeing of the agate, which requires it to remain in the dye for from two to three weeks, is a substantial partial decoration and is an addition to the agate of something becoming which to a substantial degree enhanced the beauty of the agate towards its ultimate use as black onyx in the manufacture of jewelry.

For the reasons hereinbefore stated we hold that the imported agate was properly assessed by the collector at 20 per centum ad valorem as earthy or mineral substances, partially manufactured, and decorated.

The judgment appealed from is *reversed*.