EIMER & AMEND v. UNITED STATES.

(Circuit Court, S. D. New York. July 23, 1903.)

No. 2,925.

1. CUSTOMS DUTIES—CLASSIFICATION—BLOWN GLASSWARE—THERMOMETERS —LACTOSCOPES.

Held, that certain thermometers and lactoscopes, composed chiefly of blown glass, but in part of other materials, are not dutiable under the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633], for "blown glassware," but under paragraph 112 of said act, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635], as "manufactures * * * of which glass * * * is the component material of chief value, not specially provided for."

2. SAME—BOTTLES—JARS.

Held, that certain bottle-like containers, of glass, used in chemical operations, and known as Koch flasks, and certain so-called Woulf flasks, shaped like bottles, but having two or three necks apiece, are "bottles" or "jars," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 99, 30 Stat. 156 [U. S. Comp. St. 1901, p. 1633].

3. SAME—MOLDED GLASSWARE.

Certain molded-glass articles, consisting of spatulas and solid rods, are *held* to be dutiable under the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 112, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635], for "manufactures * * * of which glass * * * is the component material of chief value, not specially provided for."

4. SAME—ETCHED GLASSWARE.

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633], for "articles of glass, * * * etched, * * * or otherwise ornamented, decorated," etc., does not apply to articles that have been etched otherwise than for ornamentation or decoration.

On application by Eimer & Amend, importers, to review the decision of the Board of General Appraisers, which affirmed the decision of the collector of customs at the port of New York.

The merchandise in question was all classified, either as etched glassware or as blown glassware, under Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633], which reads as follows:

"(100) Glass bottles, decanters, or other vessels or articles of glass, cut, engraved, painted, colored, stained, silvered, gilded, etched, frosted, printed in any manner, or otherwise ornamented, decorated, or ground (except such grinding as is necessary for fitting stoppers), and any articles of which such glass is the component material of chief value, and porcelain, opal and other blown glassware; all the foregoing, filled or unfilled, and whether their contents be dutiable or free, sixty per centum ad valorem."

The importers introduced no satisfactory evidence before the Board of General Appraisers as to the character of the merchandise, and the assessment of the collector was accordingly affirmed. From evidence taken under the order of the Circuit Court, the articles in controversy were shown to be various kinds of glassware used in chemical operations, and consisting of three classes, as follows:

(1) The first class, represented by Exhibits 18 and 22, consists of lactoscopes (milk testers) and thermometers, composed of blown glass in combination with other materials; degree marks being etched or painted on the glass. The glass is the most valuable component therein. The importers' contention is that these, articles are not within the enumeration of "blown glassware," as classified by the collector, on the ground that that provision was intended by Congress to relate only to merchandise composed wholly of blown glass, or substantially so. Note Borgfeldt v. United States (C. C.) 78 Fed. 809, where atomizers of cut glass, metal, and rubber, glass being the component material of chief value, were held not to be dutiable as "articles of glass, cut," under Tariff Act Aug. 27, 1894, c. 349, § 1, Schedule B, par. 89, 28 Stat. 513.

(2) Class 2 includes four kinds of Koch flasks, represented by Exhibits 4, 12, 13, and A, which consist of bottle-like containers, made of thin glass. Two exhibits, Nos. 4 and 12, invoiced as "stehkolben," are identical, except as to capacity, and have long necks, suitable for stoppers, and round, bulging bodies, with flat bases. Exhibit A, invoiced as "rundkolben," is entirely similar, except that the body is not flattened at the bottom to produce a base. Exhibit 13, invoiced as "kolben nach Erlenmeyer," differs from Exhibits 4 and 12 only in having a body that is cone-shaped, rather than globular, with a very wide base; being adapted by its shape to shaking liquids laterally. Class 2 includes, also, two kinds of so-called Woulf flasks, represented by Exhibits 25 and 26. These differ from ordinary bottles, in that they have high flat shoulders, and more than one neck; Exhibit 25 having two necks, and Exhibit 26 three necks. The contention of the importers is that all these articles, which were classified as "blown glassware," are specially provided for in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 99, 30 Stat. 156 [U. S. Comp. St. 1901, p. 1633], covering "flint, lime, or lead glass bottles, vials, jars," etc. Note Eimer v. United States (C. C.) 99 Fed. 423, where identical merchandise was held to be dutiable under the provision in

Tariff Act Aug. 27, 1894, c. 349, § 1, Schedule B, par. 88, 28 Stat. 513, for "bottle glassware," and In re Eimer, G. A. 4828; also In re Mihalovitch, G. A. 966, In re Smith (C. C.) 55 Fed. 476, and Smith v. Mihalovitch, 9 C. C. A. 552, 61 Fed. 399, where it was decided that certain fancy so-called bar bottles, used as ornaments on bars, representing female figures, either in a standing or a sitting position, were "bottles," under Tariff Act Oct. 1, 1890, c. 1244, § 1, Schedule B, par. 103, 26 Stat. 571.

(3) The third class consists of spatulas and solid rods, represented, respectively, by Exhibits 2 and 28, and made of molded glass, and not of blown glass.

Howard T. Walden, for importers.

D. F. Lloyd, Asst. U. S. Atty.

HAZEL, District Judge. The importations consist of (1) articles made of blown glass and other kinds of glass, plain or etched; (2) glass bottles, jars, and vials, plain or etched; and (3) glass rods and spatulas not blown. These articles are specially useful in chemical laboratories. They were assessed at 60 per centum ad valorem, as blown glass, under Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633]. The importers protest, claiming that the articles of the first and third classes are dutiable under paragraph 112, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635], as "manufactures of which glass is the component material of chief value." The second class are claimed to be dutiable as plain glass bottles, vials or jars, at no greater rate than 40 per centum ad valorem, under paragraph 99, 30 Stat. 156 [U. S. Comp. St. 1901, p. 1633]. I think the sample exhibit described in classes 1 and 3 belongs properly in the field of manufactures of glass of which glass is the component material of chief value. The articles enumerated in the second class should be assessed under paragraph 99. The decision is reached upon the ground that the evidence in behalf of the importers shows the bottles to be molded glass. This evidence is not controverted, and paragraph 100, by implication, at least, would seem to apply to glassware of a more expensive quality. Moreover, portions only of some of the samples in evidence are of blown glass; other portions being of other kinds, requiring various glass attachments in order to complete them for the purposes intended by the importer. None of the samples appears to be a finished product. As the etching upon the articles exhibited is not for the purpose of decoration or ornamentation, the rule in the case of Koscherak v. United States, 98 Fed. 596, 39 C. C. A. 166, as to the etched glass, would seem to apply.

(September 2, 1903.)

It is ordered, adjudged, and decreed that there was error in said proceedings before said Board of United States General Appraisers, and that their decision be, and the same is hereby, reversed in the following particulars: First, that the articles made of blown glass and other kinds of glass or other materials, and represented by Exhibits 18 and 22, and also the glass rods and spatulas, are dutiable at 45 per cent. ad valorem, under paragraph 112 of the act of July 24, 1897, as manufactures of glass, or of which glass is the component material of chief value; and, second, that the chemical glass

bottles and jars represented by Exhibits 25, 26, 4, 12, and 13, and Exhibit A, p. 69, are dutiable under paragraph 99 of the said act, as glass bottles and jars, at the appropriate rates, according to capacity and value, and at no less rate than 40 per cent. ad valorem. In all other respects the decision of the Board of General Appraisers is affirmed.