ILLFELDER & Co. *et al. v.* UNITED STATES (No. 640).[1]

LACQUERED METAL BOXES, WITH COMPARTMENTS AND HINGED LIDS, CONTAINING PAINTS.

Subsection 18 of section 28, tariff act of 1909, makes provision, it is true, for a duty on containers, but paragraph 195 of that act carries a specific provision for certain sorts of containers, and the merchandise here falls directly within that specific provision; lacquered metal boxes, with compartments and hinged lids, containing paints, though the lids be used as palettes, are dutiable under that paragraph (195).

United States Court of Customs Appeals, November 22, 1911.

APPEAL from Board of United States General Appraisers, Abstract 24807 (T. D. 31300).

[Affirmed.]

*Brown & Gerry,* for appellants.

*Wm. K. Payne,* Deputy Assistant Attorney General (*Thos. J. Doherty* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case consists of shallow lacquered metal boxes, with hinged lids. The interior of each box is subdivided into separate spaces or compartments by ridges which are stamped into the metal. The boxes are used as containers for water-color paints in the form of small cakes and in tubes, and also for paint-brushes, all of which are fitted into the several compartments just mentioned. The merchandise entered under the act of 1909, and when imported the boxes were filled with the paints and paint-brushes for which they were adapted.

The collector assessed the paints contained in the packages at 30 per cent ad valorem under paragraph 56 of the act, and no objection was made to this ruling.

The boxes were at the same time classified under paragraph 195 as metal lacquered, and were assessed with duty at 4 cents per pound and 35 per cent ad valorem. To this ruling the importers filed their protest, claiming that the boxes were not separately dutiable within the meaning of paragraph 195, but were properly subject to ad valorem duty as part of the value of their contents, in accordance

---

[1] Reported in T. D. 32040 (21 Treas. Dec., 576).

with subsection 18 of section 28, as the usual coverings or containers of merchandise dutiable at an ad valorem rate.

This protest was duly heard by the Board of General Appraisers and was overruled. The appellants now pray for a reversal of this decision.

The following is a copy of the pertinent part of paragraph 195, under which the articles were assessed, and also of subsection 18 of paragraph 28, under which appellants claim assessment:

> 195. Cans, boxes, packages, and other containers of all kinds (except such as are hermetically sealed by soldering or otherwise), composed wholly or in chief value of metal lacquered or printed by any process of lithography whatever, if filled or unfilled, and whether their contents be dutiable or free, four cents per pound and thirty-five per centum ad valorem.  * * *
>
> SEC. 28 (subsection 18). That whenever imported merchandise is subject to an ad valorem rate of duty, or to a duty based upon or regulated in any manner by the value thereof, the duty shall be assessed upon the actual market value or wholesale price thereof, at the time of exportation to the United States, in the principal markets of the country from whence exported;  * * *  including the value of all cartons, cases, crates, boxes, sacks, casks, barrels, hogsheads, bottles, jars, demijohns, carboys, and other containers or coverings, whether holding liquids or solids,  * * *  and if there be used for covering or holding imported merchandise, whether dutiable or free, any unusual article or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duty shall be levied and collected upon such material or article at the rate to which the same would be subjected if separately imported.  * * *

Under the foregoing paragraphs a general provision for containers of ad valorem importations is made by the terms of subsection 18, whereas by the more specific terms of paragraph 195 a certain kind of containers is withdrawn from the general classification and subjected to a separate rate of duty. The special class thus created consists of "cans, boxes, packages, and other containers of all kinds,  * * * composed wholly or in chief value of metal lacquered,  * * *  if filled or unfilled, and whether their contents be dutiable or free." The description of the articles in question as given above seems of itself effective to place them within the terms of this special classification. They are certainly cans, boxes, packages, or other containers, and they are concededly composed of lacquered metal.

These facts seem to bring them directly and unmistakably within the classification of paragraph 195.

However, it is contended by appellants that these articles are more than mere containers, that they are also palettes, and that they can not therefore be properly classified under paragraph 195, which, they maintain, is intended to include only such containers as are coverings alone and serve no additional purpose in relation to their contents. It is true that the metal lids of the boxes in question are made in concave compartments and that these may be used, and doubtless are commonly used, as bowls within which the colors may

be mixed or the paints placed while the articles are in use. And it is also true that the boxes and contents are obviously designed to be thus used together until the paints are fully consumed. These facts, however, do not imply that the coverings in question are any the less containers of their contents within the meaning of paragraph 195. The use of the lids as palettes is incidental only and does not change the character of the article as essentially a container for the paints and brushes.

By the terms of paragraph 195 such articles are expressly made dutiable at the same rate whether they be filled or unfilled, and whether their contents be dutiable or free. This is the paragraph therefore which would control the articles if they entered unfilled or filled with undutiable contents, and the provisions of the paragraph expressly determine that even if filled with dutiable contents they shall nevertheless fall within the separate classification.

In support of this view it may be noted that appellants themselves indeed contend that the articles in question are the usual containers of the paints and brushes which are their contents, and that this statement is contained in their original protest. Their contention is that the articles should be assessed ad valorem as part of the value of their contents under that provision of subsection 18 which provides for such assessment upon the usual containers of ad valorem merchandise. That subsection furthermore provides, as appears above, that if there be used for covering or holding imported merchandise any unusual article or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duty shall be levied upon such article at the rate at which the same would be subjected if separately imported. The appellants maintain that the articles in question do not come within this latter provision for unusual containers, because, they maintain, these coverings are not unusual, but to the contrary are the usual containers for their contents.

The claim of the appellants on the one hand therefore is that the articles in question are not containers within the meaning of that word as used in paragraph 195, because of their added character as palettes, but on the other hand that they are containers within the meaning of the same word as used in subsection 18, notwithstanding their added character as palettes; and, furthermore, that they are even usual containers in contradistinction to unusual ones, such as are separately provided for in the subsection.

This leads to an involved construction, which does not seem to be consistent with the plain language of the enactment.

In this view of the case the decision of the board is approved and *affirmed.*

DE VRIES, Judge, did not sit in this case.