WOOLWORTH & CO. *v.* UNITED STATES (No. 1020).[1]

CONTAINERS UNDER PARAGRAPH 195, TARIFF ACT OF 1909.

The legislative history of this paragraph makes it clear that containers under paragraph 195, tariff act of 1909, are such as are ordinarily employed in the transportation of merchandise. The goods of the importation are not containers in that sense.

## United States Court of Customs Appeals, May 23, 1913.

APPEAL from Board of United States General Appraisers, G. A. 7391 (T. D. 32821).

[Reversed.]

*Walter Evans Hampton* for appellants.

*William L. Wemple,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The importation was of small lacquered metal boxes, having a slit in the top and a lock thereupon accompanied by a key. They were classified for dutiable purposes by the collector at the port of New York under the provisions of paragraph 195 of the tariff act of 1909, which reads as follows:

195. Cans, boxes, packages, and other containers of all kinds (except such as are hermetically sealed by soldering or otherwise), composed wholly or in chief value of metal lacquered or printed by any process of lithography whatever, if filled or unfilled, and whether their contents be dutiable or free, four cents per pound and thirty-five per centum ad valorem: *Provided,* That none of the foregoing articles shall pay a less rate of duty than fifty-five per centum ad valorem; but no cans, boxes, packages, or containers of any kind, of the capacity of five pounds or under, subject to duty under this paragraph, shall pay less duty than if the same were imported empty; and the dutiable value of the same shall include all packing charges, cartons, wrappings, envelopes, and printed matter accompanying them when such cans, boxes, packages, or containers are imported wholly or partly filled with merchandise exempt from duty (except liquids and merchandise commercially known as drugs) and which is commonly dealt in at wholesale in the country of original exportation in bulk or in packages exceeding five pounds in capacity: *Provided further,* That paper, cardboard or pasteboard wrappings or containers that are made and used only for the purpose of holding or containing the articles with which they are filled, and after such use are mere waste material, shall not be dutiable unless their contents are dutiable.

They are claimed by the appellants, the importers, to be dutiable under the provisions of paragraph 199 of that act as manufactures of metal not specially provided for; or, in the alternative, under the provisions of paragraph 431 of that act as toys. The Board of General Appraisers overruled the protest and errors are assigned to this court.

One assigned error is that the Board of General Appraisers erred in not admitting testimony that these articles were sold in the toy departments of certain retail stores and testimony that they were ordered by wholesale houses in this country from abroad as "toys."

[1] Reported in T. D. 33478 (24 Treas. Dec., 860).

The court is of the opinion that if any error were committed by the board in sustaining objections to these proffers of testimony it was immaterial error. It is conceded by counsel for appellant in his brief that he was not attempting to show commercial designation. In the record is set forth the character and uses of the articles themselves. It is stated by the appellant in his brief that they are used "for holding a variety of articles in ordinary everyday personal transactions; also to amuse children in their play, as an examination of the article clearly indicates." An examination of the articles further indicates that they are of a class of merchandise encountered in our everyday observations in hardware and other stores which are made and used for a great variety of purposes other than for the amusement of children and are articles of common demand and sale.

We are satisfied from this admission of counsel, the appearance of the articles themselves, and the testimony in the case, that they are not toys within that term as used in the tariff act and construed by this court. It was, therefore, immaterial that evidence going to show the same, *other than evidence of commercial designation,* was excluded by the board. The board was of the same opinion, stating "it clearly appears that the articles are not toys."

They were classified by the Board of General Appraisers for dutiable purposes as "containers" under the provisions of said paragraph 195.

The contention made by the appellants, both before the board and this court is that the provisions of paragraph 195 relate to such containers only of the character therein described which are ordinarily employed as containers or holders *in the transportation* of merchandise. The Board of General Appraisers declined to accept this view of the statute. The board based its rulings chiefly upon the construction previously given paragraph 99 of the tariff act of 1897, wherein bottles were provided for, restricted by the same phrase. The board states:

The rulings under the life of that act did not exclude on that account such bottles as were ordinarily employed otherwise than as containers for the holding or transportation of merchandise.

It is then pointed out that bottles used in chemical operations, such as Woulff flasks or Koch flasks, were held dutiable under this provision of the law, which holding was on appeal affirmed in Eimer & Amend *v.* United States (126 Fed., 439; T. D. 25112). It is then stated that to meet this decision Congress in the act of 1909 enacted a provision to the contrary with reference to such chemical containers. The inference drawn by the board is that as Congress did not likewise modify paragraph 195 of the present tariff act the construction of paragraph 99 of the tariff act of 1897 should obtain. This process of legal logic rests the decision upon a principle of construction and that mainly upon other paragraphs of the act. Where,

however, the law contains express words indicative of a legislative intent and leading to a certain conclusion, construction may not be resorted to for a contrary conclusion.

The statute itself furnishes the best means of its own exposition; and if the intent of the act can be clearly ascertained from a reading of its provisions, and all its parts may be brought into harmony therewith, that intent will prevail without resorting to other aids for construction.

Lewis's Sutherland Statutory Construction, volume 2, section 348.

We are satisfied that paragraph 195 contains intrinsic evidences in the express words of the act that conduce to the conclusion above reached. The words are "cans, boxes, packages, *and other containers of all kinds.*" The insertion of the words "other containers," thereby impressing upon the legislative provision a character thereby limited in accordance with the rule of *ejusdem generis,* must be given some effect. This is particularly true as will hereafter be shown in view of the manner in which those words made their appearance in the law during its enactment.

The obvious purpose of Congress seems to have been to confine the operation of the paragraph to containers. This court in Illfelder & Co. *et al. v.* United States (2 Ct. Cust. Appls., 299; T. D. 32040), in construing paragraph 195 and its relation to subsection 18 of section 28 of the act, held that paragraph 195 carved out of said subsection 18 the special classes of containers enumerated in paragraph 195. The underlying principle of that case was that the articles provided for in both provisions of the law were alike as to whether or not they were containers. The containers, the subject matter of said subsection 18, were by the express terms of that act limited to those containers used for the transportation of goods.

When we turn to paragraph 195 we find similar evidences of the legislative intent. One of the conditions provided in that paragraph as to the merchandise the subject thereof is related only to merchandise in the course of *import* transportation. It is said by the legislature that the provisions shall apply to the described articles "and whether their contents be dutiable or free." If the legislative mind was dwelling upon goods to which this phrase would be applicable it must have been dwelling upon goods in the course of import transportation. It would hardly be suggested that the legislature was inserting this condition in an act which contemplated goods which were not in the course of import transportation.

The whole framework of the paragraph is related expressly to merchandise used during transportation and at the time of importation.

The fact that these boxes are provided with a slot within which money and other articles may be deposited, and with a lock and key for their safe-keeping, indicates a use other than in the course of transportation. So, too, their ornamental character indicates a different character to be applied to them in actual use rather than to

the uses of transportation. So the remaining provisions of paragraph 195, and each of them, contain language relating to these containers which relate the application of the statute to them while and as being imported.

The provision originated in the Senate and in lieu of the words "containers of all kinds" in its earlier legislative stages was related to the words "packages of all kinds." Before its final passage, however, the latter words were eliminated and the former substituted.

This adoption of the language of subsection 18 of section 28 of the act as denominative of the subject of this dutiable provision brought with it, when read in connection with the remainder of the paragraph, the limitation stated.

Furthermore, it was necessary in order to address the language of enactment to containers or coverings only as distinguished from their contents, to insert the words "filled or unfilled," which office of these words was filled by other similarly effective words in said subsection 18.

For these reasons we are of the opinion that the application of paragraph 195 should be restricted, and is by the express language thereof restricted, as hereinbefore indicated. It follows that the decision of the Board of General Appraisers should be, and is, *reversed.*