**No. 46408.**—Protests 961695–G, etc., of Quong Lee & Co. et al. (San Francisco).

Opinion by WALKER, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, OCTOBER 8, 1941

**No. 46409.**—Protest 916537–G of Spear & Jackson (U. S.), Inc. (Seattle).

Opinion by DALLINGER, J. The only witness was the examiner who passed the merchandise and who was called by the plaintiff. He testified that the merchandise was of the same character and description as that covered by T. D. 49082. The court was of the opinion that there was nothing in the record which would warrant it in holding the merchandise dutiable under paragraph 304. The protest was therefore overruled.

**No. 46410.**—Protest 10945–K of Transatlantic Factors, Inc. (New York).

Opinion by DALLINGER, J. The president of the plaintiff-corporation in describing the merchandise said: "There is a somewhat strong spring under this cover here which by pushing this handle the rod here is pressed down on these notches showing here on that wheel. Now, if I press this lever to the left there is nothing to hold the punch; if I press it to the right it takes hold of this wheel and perforates at the same time," and proceeded to demonstrate the operation of said exhibit. From an examination of the exhibit and the record the court was of the opinion that such a mechanism is something more than a mere cutting tool of the kind named in paragraph 396, stating that: "It transmits the force of the operator's hand through the mechanical principle of a lever against the tension of a spring to the two plungers which serve to make holes in the paper to be punched. At the same time, through mechanical means, it transmits power to the friction wheels which, in turn, pull a predetermined amount of reinforcing tape forward into position. Simultaneously with these operations the proper amount of tape is severed or cut from the roll and the portion immediately above the paper being operated on is firmly affixed to the paper by pressure." Following *Simon* v. *United States* (8 Ct. Cust. Appls. 273, T. D. 37537) the court sustained the claim that the merchandise is dutiable as a machine under paragraph 372.

**No. 46411.**—Protest 16056–K of Winsor & Newton, Inc. (New York).

Opinion by DALLINGER, J. From an inspection of the sample in evidence and the uncontradicted testimony of the plaintiff, the court was of the opinion that "if the present articles are not containers in every sense of the term, then no tin box may be so classified." *Illfelder* v. *United States* (2 Ct. Cust. Appls. 299, T. D. 32040) cited. The protest was therefore sustained as to certain of the items in question.