(C.D. 2146)

IDL MFG. & SALES CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided January 19, 1960)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff. *George Cochran Doub*, Assistant Attorney General (*Henry J. O'Neill*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: The importations were described in the record as manually operated two-hole punching machines. There are two types, one of which is illustrated by exhibit 1 and the other by exhibit 2.

The collector of customs classified the merchandise as articles in chief value of metal, not specially provided for, and imposed duty at

the rate of 22½ per centum ad valorem pursuant to the provisions of paragraph 397 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802.

By its protest, plaintiff claims that the merchandise should be classified as machines, not specially provided for, and subjected to duty at the rate of 13¾ per centum ad valorem as provided in paragraph 372 of said act (19 U.S.C. § 1001, par. 372), as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

The claim for classification in paragraph 339 of said act is not pressed and will be deemed abandoned.

The pertinent text of paragraphs 397 and 372 reads as follows—

Paragraph 397, as modified, *supra*:

Articles or wares not specially provided for, whether partly or wholly manufactured:

\*   \*   \*   \*   \*   \*   \*

    Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

      Woven wire fencing \* \* \*

\*   \*   \*   \*   \*   \*   \*

      Other \* \* \* _____ 22½% ad val.

Paragraph 372, as modified, *supra*:

Machines, finished or unfinished, not specially provided for:

    Calculating machines \* \* \*

\*   \*   \*   \*   \*   \*   \*

    Other \* \* \* _____ 13¾% ad val.

David Gabe, the only witness in the case, was called by plaintiff. He identified himself as president and manager of the plaintiff company which deals in office specialties.

The witness described exhibits 1 and 2 as representative of the two items in controversy which he personally designed. He explained "On Exhibit 1, I designed this punch personally by having the tray attached to the base which snaps back automatically. I also placed a gauge in here where you can place your paper and punch them exact. Then, this is an automatic perforator and it is held by the lever bar and double spring which will force down the two holes punchers and the spring will be released, will release these two punchers automatically." Exhibit 2 functions in much the same manner as exhibit 1. Both items operate manually. When energy is applied by hand pressure, it exerts force that is transmitted mechanically upon a bar which, when pressed down, punches holes in a sheet or sheets of paper, and

by operation of a spring the bar is released to its former position. In the operation above described, the force is magnified about five times on exhibit 1 and two times on exhibit 2.

Numerous decisions of this court and of our appellate court have been cited in the briefs of adversary counsel in some of which certain devices were held to be machines and in other instances were held not to be machines.

While at first blush there might seem to be an irreconcilable conflict in some of the cases cited by counsel, careful examination of them brings to light structural differences in the various articles being considered by the courts which brought about different results. For instance, defendant relies upon the following cases, among others, in which punchers or perforators of different kinds were held not to be machines: *P. Kuch Co.* v. *United States*, 63 Treas. Dec. 1569, Abstract 24319, punches or perforators; *H. Boker & Co., Inc.* v. *United States*, 60 Treas. Dec. 1291, Abstract 17431, eyelet punchers; *A. L. Salomon & Co.* v. *United States*, 5 Cust. Ct. 395, Abstract 44729, perforators; *G. Gennert, Inc.* v. *United States*, 68 Treas. Dec. 124, T.D. 47820, paper-cutting devices.

Plaintiff's brief cites the following cases, *inter alia*, in which the articles there in controversy were held to be machines. *Transatlantic Factors, Inc.* v. *United States*, 7 Cust. Ct. 283, Abstract 46410, paper-perforating machines; *United States* v. *Endlein & Schmidt, United Hardware & Tool Corp.*, 22 C.C.P.A. (Customs) 108, T.D. 47082, hand counters or tallying registers; *Braun Corp.* v. *United States*, 65 Treas. Dec. 387, T.D. 46938, hand-operated sodium press; *T. D. Downing & Co.* v. *United States*, 52 Treas. Dec. 560, Abstract 3762, stapling machines for fastening paper together; *Emil Gebhardt* v. *United States*, 66 Treas. Dec. 983, Abstract 28998, sprayers with hand-operated plungers.

In the cases cited by defendant, *supra*, there is nothing in the reported decisions to indicate that the punchers or perforators there involved were equipped with springs, levers, or other movable parts, which are common attributes of machines.

The evidence before the court in the instant case, which is unrefuted, clearly indicates that the punchers here under consideration receive energy or force from hand pressure. This pressure is multiplied or increased by means of the levers and springs which store up the energy utilized in the downward pressure of the punching dies. When the downward pressure is released, the dies return to their normal position.

The testimonial record, together with an examination of exhibit 1 and 2, satisfies us that the articles fall within the accepted judicial

determinations of what constitute a machine, namely, a mechanical contrivance which utilizes, applies, or modifies energy or force, or transmits motion. *Simon, Buhler & Baumann (Inc.)* v. *United States*, 8 Ct. Cust. Appls. 273, T.D. 37537.

Consistent with the views above expressed, judgment will be entered sustaining the claim of plaintiff that the imported merchandise under consideration should be classified in paragraph 372 of said act, as modified, as all other machines, finished or unfinished, not specially provided for, and dutiable at the rate of 13¾ per centum ad valorem.