UNITED STATES v. HARDEN.

(Circuit Court of Appeals, Second Circuit. May 28, 1895.)

CUSTOMS DUTIES—CLASSIFICATION—EMBROIDERED AND HEMSTITCHED HANDKERCHIEFS.

Hemstitched handkerchiefs composed of cotton or other vegetable fiber, and embroidered with only an initial letter, are not dutiable at 60 per cent. ad valorem as "embroidered and hemstitched handkerchiefs," under paragraph 373 of the act of October 1, 1890, but should be assessed at 50 per cent., under paragraph 349, as "handkerchiefs" simply.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an application by James Harden, importer of certain handkerchiefs, for a review of the decision of the board of general appraisers reversing the action of the collector of the port of New York as to the rate of duty imposed upon such merchandise. The

circuit court affirmed the decision of the board of general appraisers, and the United States appealed.

James T. Van Rensselaer, Asst. U. S. Dist. Atty., for the United States.

W. Wickham Smith, for importer.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. After October 1, 1890, James Harden imported into the port of New York sundry invoices of handkerchiefs composed of cotton or other vegetable fiber, which were hemstitched, and contained an initial embroidered thereon. The collector assessed the merchandise for duty at 60 per cent. ad valorem, as embroidered and hemstitched handkerchiefs, under paragraph 373 of the tariff act of October 1, 1890, which imposed that duty upon "embroidered and hemstitched handkerchiefs * * * composed of flax, jute, cotton or other vegetable fiber." The importers duly protested, and set forth in their protest that the goods were dutiable at 50 per cent. ad valorem, as handkerchiefs, under paragraph 349 of the same act, which imposed that rate of duty upon "handkerchiefs * * * composed of cotton or other vegetable fiber * * * made up or manufactured wholly or in part by the * * * manufacturer." Upon these protests, and other like protests by other importers upon this class and other classes of handkerchiefs, the board of general appraisers took a large amount of testimony, and found that at and prior to the passage of the act of October 1, 1890, the term "hemstitched and embroidered handkerchiefs" was a trade term, having a commercial meaning which excluded hemstitched handkerchiefs which were embroidered simply with an initial letter, and that this class of handkerchiefs is and was at the time of the passage of the act a separate and distinct class of goods from the one which the importers and large dealers were accustomed to designate as "hemstitched and embroidered." The record abundantly discloses that, in the speech of commerce, these goods, though embroidered with an initial, were not classified or regarded as embroidered. Apart from the question whether the term is or is not one of commercial designation, we agree with the circuit judge that the embroidery of a single letter upon the corner of the handkerchief is so limited in its extent and of such comparative narrowness as not to require that the handkerchiefs should be regarded as embroidered. The decision of the circuit court is affirmed.