UNITED STATES v. JONAS et al.

(Circuit Court of Appeals, Third Circuit. November 3, 1897.)

No. 36.

1. CUSTOMS DUTIES—CLASSIFICATION—HEMSTITCHED INITIAL HANDKERCHIEFS.
Cotton hemstitched handkerchiefs, with an initial embroidered thereon, were dutiable under the act of October 1, 1890, as "handkerchiefs composed of cotton or other vegetable fiber," under paragraph 349, Schedule I, and not as "embroidered and hemstitched handkerchiefs," under paragraph 373. U. S. v. Harden, 15 C. C. A. 358, 68 Fed. 182, approved.

2. SAME—EVIDENCE OF COMMERCIAL DESIGNATION.
In determining whether hemstitched handkerchiefs, with a single initial embroidered thereon, are "embroidered and hemstitched handkerchiefs," in the meaning of the tariff law, it is proper to admit evidence that the goods in question were commercially known as "hemstitched initial handkerchiefs," and that "embroidered and hemstitched handkerchiefs" was a commercial designation for a well-known class of goods, from which such initial handkerchiefs were excluded.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

James M. Beck and Francis F. Kane, for the United States.
W. Wickham Smith, for appellees.

Before SHIRAS, Circuit Justice, ACHESON, Circuit Judge, and KIRKPATRICK, District Judge.

ACHESON, Circuit Judge. This is an appeal from a judgment of the circuit court in a proceeding brought by the collector of the port of Philadelphia under the fifteenth section of the customs administrative act of June 10, 1890, to review a decision of the board of United States general appraisers as to the classification and rate of duty on certain imported merchandise, consisting of cotton hemstitched handkerchiefs with an initial embroidered thereon. The collector of the port of Philadelphia assessed a duty of 60 per cent. ad valorem upon these handkerchiefs under paragraph 373, Schedule J., of the act of October 1, 1890, as "embroidered and hemstitched handkerchiefs." The protests claimed that they were properly dutiable at 50 per cent. ad valorem, as "handkerchiefs composed of cotton or other vegetable fiber," under paragraph 349 of the same act and Schedule I. The board of general appraisers, after examining witnesses, rendered a decision sustaining the protests. The board of appraisers found as facts that the merchandise in question "is commercially known and designated as hemstitched initial handkerchiefs," and that the "term 'embroidered and hemstitched handkerchiefs' is a term of commercial designation, describing a well-known and generally recognized class of handkerchiefs from which initial handkerchiefs like those in these cases are excluded." After the case was brought into the circuit court, under an order of the court additional evidence was taken both by the importers and on the part of the government. Upon the whole proofs the court affirmed the decision of the board of appraisers that the merchandise in question was properly dutiable at only 50 per cent. ad valorem under paragraph 349, Schedule I, of said act.

The question of the dutiable classification under the act of October 1, 1890, of cotton hemstitched initial handkerchiefs, was considered by the United States circuit court of appeals for the Second circuit, in the case of U. S. v. Harden, 15 C. C. A. 358, 68 Fed. 182, and that court, sustaining a decision of the board of general appraisers, held that such handkerchiefs were not dutiable at 60 per cent. ad valorem, as "embroidered and hemstitched handkerchiefs," under paragraph 373, but at 50 per cent., under paragraph 349. The court in its opinion stated two grounds for its conclusion, namely, that "the record abundantly discloses that, in the speech of commerce, these goods, though embroidered with an initial, were not classified or regarded as embroidered"; and that, apart from the question of commercial designation, "the embroidery of a single letter upon the corner of the handkerchief is so limited in its extent and of such comparative narrowness as not to require that the handkerchiefs should be regarded as embroidered." Certainly this decision is entitled to great respect. We do not, however, regard it as positively controlling here, especially in view of the new evidence before us. We have therefore given to the question of the dutiable classification of this merchandise an independent investigation.

In announcing the result of our consideration of this record, we do not deem it to be necessary to enter upon any extended discussion of the evidence. The above-recited findings of the board of general

appraisers, with respect to the commercial designation of the two classes of handkerchiefs mentioned by them, were fully warranted by the proofs before the board. Indeed, the great body of those proofs was against the government. The evidence upon the subject of commercial designation taken under the order of the circuit court was less one-sided. A number of witnesses testified there in favor of the government. Having regard, however, to the experience and means of knowledge of the several witnesses, the weight of the testimony taken in court seems to us to be with the importers. Basing our conclusion upon the whole evidence, we are of the opinion that the findings of fact made by the board of general appraisers upon the subject of commercial designation should not be disturbed.

We cannot agree with the counsel for the government in their contention that the evidence of trade designation was inadmissible or inapplicable here. In Robertson v. Salomon, 130 U. S. 412, 415, 9 Sup. Ct. 559, 560, the supreme court said: "The commercial designation, as we have frequently decided, is the first and most important designation to be ascertained in settling the meaning and application of the tariff laws. * * * But, if the commercial designation fails to give an article its proper place in the classifications of the law, then resort must necessarily be had to the common designation." Again, in Twine Co. v. Worthington, 141 U. S. 468, 471, 12 Sup. Ct. 55, 56, the court declared: "It is a cardinal rule of this court that, in fixing the classification of goods for the payment of duties, the name or designation of the goods is to be understood in its known commercial sense, and that their denomination in the market when the law was passed will control their classification, without regard to their scientific designation, the material of which they are made, or the use to which they may be applied." In Toplitz v. Hedden, 146 U. S. 252, 256, 13 Sup. Ct. 70, 72, the court said: "If the commercial designation of the article gave it its proper place in the classification of the statute, resort to the common designation was unnecessary and improper." These principles were broadly reaffirmed in the still more recent case of Cadwalader v. Zeh, 151 U. S. 171, 14 Sup. Ct. 288. In our opinion, the evidence here produced to show that the term "embroidered and hemstitched handkerchiefs" was and is a commercial term, describing a class of merchandise which did not and does not include initial handkerchiefs like those involved in this proceeding, fully met the requirements of the adjudged cases.

Finally, aside altogether from the question of commercial designation, it seems to us that the embroidering of an initial upon a handkerchief does not make it an "embroidered handkerchief," either according to common understanding and speech or within the fair meaning of the act of October 1, 1890. The court of appeals for the Second circuit well said: "The embroidery of a single letter upon the corner of the handkerchief is so limited in its extent, and of such comparative narrowness, as not to require that the handkerchiefs should be regarded as embroidered." To the common apprehension, we think, the term "embroidery," as applied to a handkerchief, implies ornamentation, whereas an initial, whether embroidered or

otherwise affixed upon the handkerchief, is but a mark of identification. The fact that the expense of embroidering the initial forms a considerable proportion of the entire cost of the handkerchief is not material. This additional expense does not make it an embroidered handkerchief. It is still an initial handkerchief, both in commercial and in popular designation. The decision and judgment of the circuit court are affirmed.