UNITED STATES v. ALTMAN et al.

(Circuit Court of Appeals, Second Circuit. February 7, 1901.)

No. 60.

CUSTOMS DUTIES—WOMEN'S CORSETS—WEARING APPAREL MADE PARTLY OF LACE.

Women's corsets made of cotton and other materials, trimmed around the upper border with cotton-lace edgings, whose relative value to the corsets is from 1 to 2 per cent., should be regarded as "wearing apparel * * * made wholly or in part of lace, or in imitation of lace," within Act 1897, par. 339, and classified for duty accordingly.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the circuit court, Southern district of New York, reversing a decision of the board of general appraisers which sustained the action of the collector of the port of New York in the assessment for duty of certain merchandise imported under the tariff act of 1897.

D. Frank Lloyd, for appellant.

W. Wickham Smith, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The goods in question are women's corsets made of cotton and other materials, cotton chief value, trimmed around the upper border with cotton-lace edgings. The collector classified them for duty under paragraph 339, which reads:

"339. Laces, lace window curtains, tidies, pillow shams, bed sets, insertings, flouncings, and other lace articles; handkerchiefs, napkins, wearing apparel, and other articles, made wholly or in part of lace, or in imitation of lace; nets or nettings, veils and veilings, etamines, vitrages, neck rufflings, ruchings, tuckings, flutings, and quillings; embroideries and all trimmings, including braids, edgings, insertings, flouncings, galloons, gorings, and bands; wearing apparel, handkerchiefs, and other articles or fabrics embroidered in any manner by hand or machinery, whether with a letter, monogram, or otherwise; tamboured or appliqueed articles, fabrics or wearing apparel; hemstitched or tucked flouncings or skirtings, and articles made wholly or in part of rufflings, tuckings, or ruchings; all of the foregoing, composed wholly or in chief value of flax, cotton or other vegetable fiber, and not elsewhere specially provided for in this act, whether composed in part of India rubber, or otherwise, sixty per centum ad valorem: provided, that no wear-

ing apparel or other article or textile fabric, when embroidered by hand or machinery, shall pay duty at a less.rate than that imposed in any schedule of this act upon any embroideries of the materials of which such embroidery is composed."

The importers contended that the merchandise should be classified under paragraph 314, which reads:

"314. Clothing, ready-made, and articles of wearing apparel of every description, including neck-ties or neckwear composed of cotton or other vegetable fiber, or of which cotton or other vegetable fiber is the component material of-chief value, made up or manufactured, wholly or in part, by the tailor, seamstress, or manufacturer, and not otherwise provided for in this act, fifty per centum ad valorem: provided, that any outside garment provided for in this paragraph having India rubber as a component material shall pay a duty of fifteen cents per pound and fifty per centum ad valorem."

Manifestly the only question is whether this "wearing apparel" may properly be said to be "made wholly or in part of lace, or in imitation of lace." If it is, paragraph 339 would cover it more specifically. The circuit court held that, although to some extent trimmed with lace, the corsets do not appear to be made of lace, because lace does not enter into their structure. We are unable to concur in this conclusion. Whether the lace be a trimming or an insertion, it becomes, when affixed, a part of the article, which must be classified for duty as an article in its entirety,—lace and all. The importers contend that the amount of lace is so insignificant as not to change the condition of the article, for duty purposes, from what it was before the lace was sewed on. The value of the lace relatively to the corsets is about 1 per cent. to 2 per cent. We concur in the finding of the board of general appraisers that:

"It appears, from an inspection of the samples, that the trimming and ornamentation with lace * * * is a significant feature of these goods, contributing materially to their appearance, and doubtless to their salability and price. Without doubt, such was the purpose for which it was applied."

Such being the case, it may fairly be held they are within the tariff description, "wearing apparel made in whole or in part of lace," for the lace enhances their value and helps to sell them. It is not a mere incident or immaterial part, like ordinary buttons upon an article of clothing, as suggested, in illustration, in Seeberger v. Schlesinger, 152 U. S. 581, 14 Sup. Ct. 729, 38 L. Ed. 560. In the Hemstitched Initialed Handkerchief Case (U. S. v. Harden, 15 C. C. A. 358, 68 Fed. 182), this court found commercial meaning of the phrase "hemstitched and embroidered handkerchiefs" determinative of the question then before us. In the case at bar, however, there is no question of commercial designation. The decision of the circuit court is reversed, and that of the board is affirmed.