CONVERSE et al. v. UNITED STATES.

(Circuit Court, S. D. New York.    March 18, 1902.)

No. 3,095.

CUSTOMS DUTIES—CLASSIFICATION—COLORED COTTON CLOTH—GOAT HAIR POLKA DOTS.

Colored cotton cloth, having polka dots about one-quarter inch in diameter, composed of goat hair and superimposed upon the fabric with a species of glue, and applied by a process of printing, is assessable, under Act 1897, par. 366, as a "fabric made wholly or in part of wool," and is not dutiable under paragraph 308 as "cotton cloth," nor under paragraph 322 as a "manufacture of cotton," nor under paragraph 339 as a "fabric appliquéed composed wholly or in chief value of cotton."

Appeal by the Importers from a Decision of the Board of United States General Appraisers.

Howard T. Walden, for the importers.

D. Frank Lloyd, Asst. U. S. Atty.

COXE, District Judge (orally).    The importations in question consist of colored cotton cloth having "polka dots," about one-fourth of an inch in diameter, composed of goat hair, superimposed upon the fabric with a species of glue and applied by a process of printing.    It is conceded that the polka dots thus added are, for the purposes of tariff classification, made of wool.

The collector assessed the importations under paragraph 366 of the act of 1897, as a "fabric made wholly or in part of wool."    The importers insist that they were properly dutiable under the proviso of paragraph 308 of the same act, as "cotton cloth," or under paragraph 322 of said act, as a "manufacture of cotton"; there is also an alternative protest under paragraph 339 of the same act, as a "fabric appliquéed, composed wholly or in chief value of cotton."    The board finds that the goods in question are made in part of cotton and in part of wool, cotton being the component of chief value.    The case is therefore ruled by the decision of the circuit court of appeals in U. S. v. Altman, 107 Fed. 15, 46 C. C. A. 116, which case has been recently followed in this court in the cases of Vandegrift v. U. S., 113 Fed. 816, and U. S. v. Rouss, 113 Fed. 816.

The decision of the board of general appraisers is affirmed.