## UTARD v. UNITED STATES.

(Circuit Court, S. D. New York. July 23, 1903.)

### No. 3,144.

1. CUSTOMS DUTIES—CLASSIFICATION—BOTTLES WITH GROUND GLASS STOPPERS.
   *Held*, that the language of the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 (U. S. Comp. St. 1901, p. 1633), for "glass bottles * * * ground (except such grinding as is necessary for fitting stoppers"), indicates an intention of Congress to include in that provision all bottles of ground glass, except where the grinding is only for fitting stoppers, and that certain perfumery bottles of molded or pressed glass, with stoppers of cut or ground glass, are dutiable under said paragraph, and not under paragraph 99 of said act (30 Stat. 156 [U. S. Comp. St. 1901, p. 1633]), as "molded or pressed * * * glass bottles."

On application by the importer to review the decision (G. A. 4,769) of the Board of General Appraisers affirming the classification of the collector of customs at the port of New York.

F. W. Brooks, for petitioner.
Henry C. Platt, for the United States.

HAZEL, District Judge. The appellant imported perfume bottles of different sizes and styles under Tariff Act July 24, 1897, c. 11, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626]. The collector holding the articles dutiable under Tariff Act July 24, 1897, c. 11, § 1, Schedule B, paragraph 100, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633], exacted a duty of 60 per cent. ad valorem. Thereupon a protest was filed by the importer, which resulted in a decision by the Board of General Appraisers sustaining the collector, and holding that glass bottles having ground or cut glass stoppers are included within the scope of paragraph 100 of the tariff act of 1897, which reads as follows:

"Glass bottles, decanters, or other vessels or articles of glass, cut, engraved, painted, colored, stained, silvered, gilded, etched, frosted, printed in any manner or otherwise ornamented, decorated or ground (except such grinding as is necessary for fitting stoppers), and any articles of which such glass is the component material of chief value, and porcelain, opal and other blown glassware; all the foregoing filled or unfilled, and whether their contents be dutiable or free, sixty per centum ad valorem."

The appellant contends that the articles of merchandise are dutiable under paragraph 99, 30 Stat. 156 [U. S. Comp. St. 1901, p. 1633]. This paragraph reads as follows:

"99. Plain green or colored, molded or pressed, and flint, lime, or lead glass bottles, vials, jars, and covered or uncovered demijohns and carboys, any of

the foregoing, filled or unfilled, not otherwise specially provided for, and whether their contents be dutiable or free, (except such as contain merchandise subject to an ad valorem rate of duty or to a rate of duty based in whole or in part upon the value thereof, which shall be dutiable at the rate applicable to their contents), shall pay duty as follows: If holding more than one pint, one cent per pound; if holding not more than one pint, and not less than one-fourth of a pint, one and one-half cents per pound; if holding less than one-fourth of a pint, fifty cents per gross: provided, that none of the above articles shall pay a less rate of duty than forty per centum ad valorem."

The bottles in evidence are molded or pressed glass, but for the purpose of assessing duty the ground stopper, when affixed, became a part of the bottle. Therefore the only question here is whether the grinding of the stopper justifies the decision of the Board of General Appraisers. I am unable to perceive how any other conclusion could reasonably have been reached. The argument proceeded upon the theory that the undoubted construction of paragraph 100 is to make the language of that section applicable to glass bottles of better quality and greater commercial value than such as are specifically enumerated in paragraph 99. It will be observed, however, by a reading of paragraph 100, that an exception is made if the stoppers require grinding for fitting them to the glass bottles. This case does not come within the excepted provision. I think the phraseology of the paragraph under consideration quite clearly indicates that Congress intended to include ground glass stoppers when affixed to bottles as within the classification protested against.

It is contended that the Koscherak Case, reported in 98 Fed. 596, 39 C. C. A. 166, is decisive of the point raised upon this appeal. That decision was based upon Tariff Act Aug. 27, 1894, c. 349, § 1, Schedule B, par. 90, 28 Stat. 513, which substantially provided for the assessment of duties upon bottles "when cut, engraved  *  *  *  etched or otherwise ornamented or decorated, except such as have ground necks and stoppers only." The court held generally that the process of etching must be sufficiently substantial to remove the articles from the group of plain to the group of decorated and ornamented glassware. This holding would undoubtedly have application here, were it not that under the subsequent tariff act of 1897 significant language is employed by Congress, which would seem to indicate, as already stated, that Congress intended all ground bottles (except when necessarily ground for fitting the stoppers), should pay an increased duty over the plain bottles specifically enumerated in paragraph 99. The decision in the Koscherak Case lays stress upon the word "otherwise," found in section 1, Schedule B, par. 97, Tariff Act Aug. 27, 1894 (28 Stat. 514). It was deduced by the court from the use of the word "otherwise" that Congress intended the paragraph considered in that case to apply to ornamented or decorated glassware only, and therefore the language of the paragraph was qualified. This holding is quite distinguishable from the case at bar. The record discloses that the grinding process upon the outside portions of the stopper, which undoubtedly improves the appearance of the bottle and gives to it a semblance of cut glass, is not necessary for fitting the stopper to the bottle. Upon the authority of U. S. v. Altman, 107 Fed. 15, 46 C. C. A. 116, such grinding cannot be deemed to be merely incidental

or immaterial to the bottle in its entirety. Other cases to which my attention is called by counsel for appellant in view of the construction here given to paragraph 100 have no application.

The decision of the Board of General Appraisers is affirmed.