UNITED STATES v. CHARLES A. JOHNSON & CO.

(Circuit Court, S. D. New York. January 28, 1907.)

No. 4,289.

CUSTOMS DUTIES—CLASSIFICATION—FLAX-WOOL FABRICS.

Fabrics in chief value of flax, but in part of wool, are dutiable under Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 346, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1663], relating to goods "the component material of chief value" in which is flax, and not under Schedule K, par. 366, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1666], relating to cloths "in part of wool."

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below reversed the assessment of duty by the collector of customs at the port of New York. Note U. S. v. Walsh (C. C.) 154 Fed. 749.

J. Osgood Nichols, Asst. U. S. Atty.

Hatch & Clute (Walter F. Welch, of counsel), for importers.

HAZEL, District Judge. The Board of General Appraisers found that the lappings in question were woven fabrics weighing more than 4½ ounces per square yard and counting between 60 and 120 threads to the square inch, composed of flax warp and wool weft; flax being the component material of chief value therein. Duty was assessed by the collector at 44 cents per pound and 50 per cent. ad valorem

under paragraph 366 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule K, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1666]), and certain other lappings known as "strong twill lappings" were assessed for duty at 33 cents per pound and 50 per cent. ad valorem under said paragraph 366. The importers protest, and claim here, in view of the findings of fact by the Board, that the goods should have been held dutiable under paragraph 346 (Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1663]) at the rate per pound therein specified. Paragraph 366 specifies the rate of duty "on cloths, knit fabrics, and all manufactures of every description made wholly or in part of wool, not specially provided for," and paragraph 346 specifies the rate of duty on "woven fabrics or articles, * * * composed of flax, hemp, or ramie, or of which these substances or either of them is the component material of chief value."

The protestants established to the satisfaction of the Board, notwithstanding conflicting testimony regarding the analyses of the fabric, that the merchandise consisted of a flax warp and wool weft, and that the flax was the component material of chief value. This conclusion of the Board ought not to be overthrown by this court sitting in review, unless it was based on obviously unreliable testimony or was contrary to the weight of evidence. Myers v. United States (C. C.) 110 Fed. 940. The record does not indicate that a wrong conclusion was reached on the facts presented before the Board; and therefore the principal question for decision is whether the classification by the collector under paragraph 366 is more specific than the paragraph under which the importers claim. The government insists that the merchandise is more specifically covered by the words "fabrics and all manufactures of every description made wholly or in part of wool," than by the words "woven fabrics * * * composed of flax * * * or of which these substances or either of them is the component material of chief value," and several cases are cited in support of the contention.

The case of United States v. Altman, 107 Fed. 15, 46 C. C. A. 116, upon which stress is laid, is not thought a controlling precedent. In that case the importers contended that the provision for articles of wearing apparel of every description composed of cotton or other vegetable fiber, or of which cotton or other vegetable fiber is the component material of chief value, was more specific. The court, however, decided that the lace provision was more descriptive. The question seems to have turned upon the appearance of the corset (the imported article), which was attractively trimmed with lace. Judge Lacombe thought that the lace feature was paramount, and the words "wearing apparel * * * made wholly or in part lace, or in imitation of lace," were more specific.

In Converse v. United States (C. C.) 113 Fed. 817, it was held that cotton cloth with small polka dots was dutiable as a fabric made wholly or in part of wool, even though the cotton cloth was the component of chief value. It is to be observed, however, that the paragraph of the tariff act under which the importers claimed did not contain a provision relating to the component material of chief value, as in the case under consideration.

154 F.—48

I think it reasonably clear that Congress intended to place a high rate of duty on all fabrics made wholly or in part of wool; but that intention evidently was qualified in the tariff act by the provision for the payment of duty at a different rate upon a fabric made of wool of which another substance such as flax was the component material of chief value. This view of the act of Congress I conceive to be in consonance with the principle enunciated by the Supreme Court in Hartranft v. Meyer, 135 U. S. 237, 10 Sup. Ct. 751, 34 L. Ed. 110. Hence it is thought that the flax provision is more specific than the provision for fabrics made wholly or in part of wool.

The decision of the Board is therefore affirmed.