UNITED STATES *v.* MUTUAL CHINA CO. ET AL. (No. 1968).[1]

1. CONSTRUCTION, PARAGRAPH 79, TARIFF ACT of 1913—"ORNAMENTED"—"DECORATED."

Whether or not an article is "ornamented" or "decorated" within the meaning of those terms in paragraph 79, tariff act of 1913, is a question of fact to be determined with reference to the particular article; and it is not every minute appearance of ornamentation or decoration upon an article that will bring it within the paragraph.   Certainly neither every deviated line nor undulated surface can be held an ornamentation or decoration, although pleasing to the eye.

2. EVIDENCE—PRESUMPTION—BOARD'S FINDING OF FACT.

The finding of the Board of United States General Appraisers upon a question of fact is entitled to controlling weight with this court in the absence of satisfactory evidence to the contrary.

[1] T. D. 38202 (37 Treas. Dec., 225).

3. EARTHENWARE—"PLAIN WHITE"—"ORNAMENTED OR DECORATED."

The Board of United States General Appraisers' decision directing classification of cups, saucers, and plates, with slightly fanciful outlines and raised lines produced with the mold or a stylus, under paragraph 79, tariff act of 1913, as "plain white," rather than as "ornamented or decorated," is affirmed.

## United States Court of Customs Appeals, November 25, 1919.

APPEAL from Board of United States General Appraisers, Abstract 42940.

[Affirmed.]

*Bert Hanson*, Assistant Attorney General (*John J. Mulvaney*, special attorney, of counsel), for the United States.

*B. A. Levett* for appellees.

[Oral argument Oct. 15, 1919, by Mr. Mulvaney and Mr. Levett.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

We are here concerned with an importation of chinaware. The articles thereof were assessed for import duty purposes under paragraph 79 of the tariff act of 1913 as earthenware and crockery "painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such," and are claimed dutiable under another provision of said paragraph providing for earthenware and crockery "plain white, plain yellow, plain brown, plain red, or plain black, not painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner, and manufactures in chief value of such."

The collector's assessment was predicated upon the assumption that these articles are ornamented or decorated within the terms of that paragraph, which view is challenged by the importers. The board sustained the importers' contention.

The wares here in controversy are represented by eight samples, all entirely white. Exhibit 1, cup with impression on the handle in the way of a line around the edge and a triangle below. Exhibit 2, cup with a raised line around the edge of the top broken with rough ridges. Exhibit 3, cup with a triangular depression on the bottom of the handle. Exhibit 4, saucer mating exhibit 2. Exhibit 5, cup with small, scarcely discernible leaf spray raised on the cup at the bottom of the handle, and a wavy raised line around the base with raised lines leading from the same to the base. Exhibits 6, 7, and 8 are essentially alike, saucers and plates with indented edges, scallop fashion, with a raised line around the inside edges of them dropping in waves at intervals, the space thus made being filled with barely discernible raised lines extending to the edges. The effects produced are done with the mold or a stylus and are so crude, irregular, and infinitesimal as to amount to but slight variations from smooth edges and surfaces. In Exhibits 1 to 4 they are not

noticeable to the casual glance but are observable upon close inspection only. While more pronounced in Exhibits 5 to 8, they are equally crude, and while not smooth, but variant therefrom, seemingly are far from what one in common speech would term ornamental.

Whether or not an article is "ornamented" or "decorated" is a question of fact to be determined with reference to the particular article. The provisions for ornamented or decorated earthenware, crockery, and chinaware have frequently been before the courts for adjudication. Particularly expressive thereupon on this point is the language of the Circuit Court of Appeals for the Second Circuit in Koscherak. v. United States (98 Fed., 596, 599). Judge Lacombe, speaking for the court, said:

> The question remains whether the etching in this case has progressed to such extent; in other words, whether the articles may be fairly said to be ornamented or decorated. The testimony as to the understanding of the trade is not helpful. Indeed, it is extremely doubtful whether trade usage, if well settled, would control in a case where Congress has used language so distinctively descriptive. We have here not the phrase "cut bottles, engraved bottles, etched bottles, * * * ornamented or decorated bottles," but "all glass bottles, when cut, engraved," etc. What is to be determined is whether, in the ordinary acceptation of the term, the bottle is in fact ornamented or decorated. With what intent the maker etched it would seem to be immaterial. Each case must be tested by the result accomplished.

That it is not every minute appearance of ornamentation or decoration upon an article which will bring it within tariff classification of such is well expressed in principle by the same court in United States v. Harden (68 Fed., 182, 183), wherein it is said:

> The record abundantly discloses that, in the speech of commerce, these goods, though embroidered with an initial, were not classified or regarded as embroidered. Apart from the question whether the term is or is not one of commercial designation, we agree with the circuit judge that the embroidery of a single letter upon the corner of the handkerchief is so limited in its extent and of such comparative narrowness as not to require that the handkerchiefs should be regarded as embroidered.

While larger questions are within the briefs and argument, the court is of the opinion that the merchandise the subject of this appeal is not so fashioned or conditioned as to raise those issues. Wherefore, this decision is confined to the single question of fact whether or not, conceding the processes employed to be processes within the statute, the particular articles have been brought to that degree of embellishment that they may be said to be "ornamented" or "decorated" within the statute. In the opinion of the court they are not. Some thereof might be said to be fancifully fashioned, but in a degree far short of ornamentation or decoration. Certainly neither every deviated line nor undulated surface can be said to be an ornamentation or decoration, although pleasing to the eye. Upon this question of fact the board took the same view, and their finding in that particular is entitled to controlling weight with the court in the absence of satisfactory evidence to the contrary, which is not found in this

record.   The board, after discussing other matters, thus stated their views of the facts:

We are not disposed to place the decision of this case upon that ground, but rather upon the ground that the embossing or raised parts upon the ware under consideration in this case are of so inconsequential a character as should not in our judgment make it dutiable at a higher rate than if the same were not there.   It could not, we think, have been the intention of Congress to make a distinction in duty between an article made in a mold with indentations that would produce raised designs upon the surface of the article and those made in a mold that did not have these indentations.

There is another ground upon which the decision might be founded, or at least which adds weight to the conclusion we reach.   A number of witnesses of large experience in the china and earthenware trade have given testimony that the articles now before us were always, not only at the time, but as well before and since the passage of the tariff act of 1913, known to the trade and commerce of this country as plain white.   If this is to be accepted as established, it follows that they were not intended by Congress in the enactment of the law to be included in the 40 per cent provision, but rather in the 35 per cent provision, for the words plain white, plain yellow, plain brown, plain red, or plain black are the controlling words of this paragraph of the law.

*Affirmed.*