ABSORBO BEER PAD CO., INC. *v.* UNITED STATES [1]

[1] C. D. 32.

## United States Customs Court, Second Division

(Decided September 13, 1938)

Siegel & Mandell (*James W. Bevans* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*William Whynman* and *Richard E. FitzGibbon*, special attorneys), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: The merchandise the subject of this suit consists of pulpboard, which was classified and assessed for duty at 30 per centum ad valorem under paragraph 1413 of the Tariff Act of 1930, as pulpboard, embossed, or decorated or ornamented in any manner, and is claimed by the importing company, the Absorbo Beer Pad Co., Inc., to be dutiable at only 10 per centum ad valorem under paragraph 1402 of said tariff act, as pulpboard, not embossed, decorated, or ornamented in any manner.

A sample of the merchandise in question has been introduced in evidence herein as Illustrative Exhibit A, as to which it is admitted by plaintiff that this board is "genarbt" or scarred by means of a wire mesh used in pressing the pulpboard. The marks of the wire remain upon the board and give it the scarred or pin-prick effect.

It appears from the record that the present merchandise is of the identical kind and character as that the subject of our decision in *Absorbo Beer Pad Co. et al.* v. *United States*, T. D. 49112, the Absorbo Beer Pad Co. being the same plaintiff as in the present case, and the manufacturers of the pulpboard in Austria being also the same. We held in said former case that the provision for "pulpboard * * * decorated or ornamented in any manner" in said paragraph 1413 was descriptive, rather than a matter of commercial understanding, and that whether pulpboard is "decorated or ornamented in any manner" is to be determined by its appearance. Citing *Mills & Gibb Corp.* v. *United States*, 14 Ct. Cust. Appls. 197, T. D. 41703, and *Wilson & Son* v. *United States*, id. 234, T. D. 41717.

In that case the whole question before us for determination was whether such scarred or pin-prick effect on the pulpboard was the result of embossing, or whether, irrespective of the process by which said effect was produced, the pulpboard was "decorated or ornamented in any manner" within the purview of said paragraph 1413 of said act of 1930. It appeared from the testimony of plaintiff's own witnesses therein that the wire screens on the rollers or in the press were attached thereto or placed thereon or therein with the intent and purpose of producing the pin-prick effect.

In deciding that case we held that, while the pin-prick pulpboard might possibly be regarded as embossed under the case of *United States* v. *Meyerson*, 2 Ct. Cust. Appls. 225, T. D. 31953, a casual glance at Exhibit 1 therein showed it was undoubtedly "decorated or ornamented in any manner."

In the present instance plaintiff called Dr. Ludwig Karl Ruhmann, one of the partners of the firm of Guggenbacher Papierfabrik, the manufacturers in Austria of the merchandise here in question. He testified that this scarring process by means of a wire screen was not done purposely to decorate or ornament the pulpboard, but was done in the process of manufacture to eliminate the water from the wet pulp. He nevertheless also makes the unscarred or plain-surfaced pulpboard, from which the water is also pressed out, but evidently not so readily.

In the instant importation the scarred or pin-prick pulpboard is designated on the invoice as so many "Ballen R-Stoff," and the unscarred or plain pulpboard is designated on the same invoice as so many "Ballen M-Stoff," the latter, however, being classified and assessed for duty as pulpboard, not embossed, or decorated or ornamented in any manner, and is therefore, of course, not under protest in the case.

The contention of the plaintiff now is that as there was no intention to emboss or decorate the pulpboard it should not be assessed for duty as such under said paragraph 1413, and plaintiff seems to rely on the decision in *United States Envelope Co.* v. *United States*, T. D. 45333, in which this court, by Judge Fischer, held certain handmade paper not to be decorated within the meaning of paragraph 1307 of the act of 1922, where the marks thereon, which were only faintly visible when the paper was held to the light, were those made by the perpendicular chain wires and horizontal laid wires which constituted indispensable components of the screen on which the paper was made, it appearing furthermore that the said marks were the result of a usual process of manufacture and incidental thereto, and that such an effect could scarcely be deemed a decoration.

While this court in the above-cited case did refer to the fact that there was no deliberate purpose to create a design on the paper, it was hardly intended to lay down a rule that the sole test of whether a thing was decorated or not was to be determined by the intent of the manufacturer. Such a rule manifestly would be very unsatisfactory and unworkable in the construction of tariff provisions. In the *Envelope Co.* case, *supra*, it will be noticed that the water marks or laid lines on the paper were not considered of a decorative character, and that the wires causing them were indispensable parts of the screen on which the paper was made.

Another case cited by plaintiff in its brief is that of *United States* v. *Mutual China Co.*, 9 Ct. Cust. Appls. 232, T. D. 38202, wherein certain plain white crockery was held not to be decorated under paragraph 79 of the Tariff Act of 1913, for the reason that the marks thereon were too minute in character or effect to be considered as a decoration or ornamentation. In our opinion, the scarred or pin-prick markings on the pulpboard under consideration can hardly be considered as minute in character. The marks are very obvious and cover the entire surfaces of the pulpboard, and give it a sort of checkered or cross-grain effect. And the pin-prick pulpboard is certainly much more attractive and ornamental in appearance and desirable than the unscarred or plain pulpboard, especially for the making of beer pads or coasters, the purpose for which it was imported. The testimony of one of the partners of the manufacturing concern in the present case that the wire mesh screens were used for the purpose of more readily pressing the water out of the pulp than for the purpose of decorating the pulpboard therefore seems quite immaterial under the circumstances, and cannot change the fact of its actual condition or appearance.

This view was held by our appellate court in the case of *Stiner & Son* v. *United States*, 2 Ct. Cust. Appls. 347, T. D. 32079, wherein the question was whether certain postal cards were "embossed" under paragraph 412 of the Tariff Act of 1909. In opposing such classification it was argued by the attorney for the importer that any embossed effect on the cards may have been purely incidental to the production of the gold effects, and may have been wholly beyond the intention of the manufacturers to produce. The court nevertheless stated that "if an embossed effect has been produced the fact that it exists and not the intention of the manufacturers must control classification." In other words, it is the effect produced and not the intent that is controlling. As embossing itself is a form of ornamentation the rule as to intent necessarily also applies in the present instance on the question whether the pulpboard here in issue has been "decorated or ornamented in any manner."

Having already decided this question in the affirmative in the *Absorbo Beer Pad Co.* case, *supra*, we feel bound by that decision, and the record herein furnishes no good reason for deciding otherwise.

Plaintiff put in evidence herein, over the objection of counsel for the Government, certain pages of a pamphlet entitled "Classification and Definitions of Paper," Revised Edition 1928, which were marked Collective Illustrative Exhibit F, and which purport to be the work of a committee appointed by the American Paper & Pulp Association, and which committee endeavored to formulate definitions of "Decorated boards," "embossed," etc.

While we do not consider that the definition of "decorated boards" therein is inconsistent with our holding herein, we think it is nevertheless entirely incompetent in itself for the purpose of proving a trade understanding of the term, and is entirely hearsay. Furthermore, there is no evidence whatever that Congress intended to adopt such definition or definitions in the construction of its tariff provisions for pulpboard in said paragraphs 1402 and 1413 of the Tariff Act of 1930.

For all of the foregoing reasons the claim of the plaintiff is overruled. Judgment will be rendered accordingly.