**No. 57694.**—Pan American Textile Company and Universal Foreign Service Co. et al. v. United States, protests 168664–K, etc. (Los Angeles).

FORD, Judge: The question involved in the suits listed in schedule "A," hereto attached and made a part hereof, is the proper classification of certain imported gloves. The collector classified the merchandise as gloves, crocheted, in part of lace, and levied duty thereon at the rate of 50 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802.

The plaintiffs claim said merchandise to be properly dutiable at 30 per centum ad valorem under paragraph 917 of the Tariff Act of 1930, as modified by the said General Agreement on Tariffs and Trade, *supra*, as supplemented by the proclamation of May 4, 1948, 83 Treas. Dec. 166, T. D. 51909, as knit or crocheted gloves.

At the trial, on motion of counsel for the plaintiffs, there was admitted in evidence 19 gloves, which were marked exhibits 1 to 19, inclusive. There was also admitted in evidence and marked plaintiffs' collective illustrative exhibit 20, a package of crochet needles, and a book entitled "This is Crocheting," by Ethel Evans, was admitted in evidence as plaintiffs' exhibit 21.

In the interest of clarity and brevity, it should be stated at this time that the merchandise represented by exhibits 1 and 2 has definitely been established by the evidence to be lace gloves. The gloves represented by these two exhibits are dutiable at 50 per centum ad valorem under said paragraph 1529 (a), *supra*, as classified by the collector, and need not be given further consideration.

The gloves represented by exhibits 3, 16, 17, and 19 were all classified and assessed with duty as herein claimed. We shall, therefore, confine our consideration to the classification of the gloves represented by exhibits 4 to 15, inclusive, and exhibit 18.

In *United States* v. *Shalom & Co.*, 33 C. C. P. A. (Customs) 29, C. A. D. 311, the Court of Customs and Patent Appeals quoted the definition of "lace," as found in the Encyclopaedia Britannica, 11th edition, volume 16, page 37, Funk & Wagnalls New Standard Dictionary, Webster's New International Dictionary, and the Summary of Tariff Information, 1929, and held as follows:

Whether the inwrought patterns or designs appearing on the back of the hand portion and the wrist portion of exhibit 1 are ornamental or are of such character as to ornament either of those portions is a question of fact. See *United States* v. *Mutual China Co. et al.*, 9 Ct. Cust. Appls. 232, T. D. 38202, 37 Treas. Dec. 225. However, in view of the dictionary definitions of lace, hereinbefore quoted, and the quoted definition of lace appearing in the Summary of Tariff Information, 1929, which was called directly to the attention of the Congress and which was before that body at the time of the enactment of paragraph 1529 (a), *supra*, we are of opinion that when it has been established, as it has in the instant case, that inwrought patterns or designs are ornamental or are of such character as to ornament the net fabric on which they appear, they are of sufficient importance to characterize as lace at least that portion of the fabric on which they appear, and that the degree of ornamentation is immaterial and is, therefore, not a question of fact to be determined by testimony as argued by counsel for appellee.

\* \* \* \* \* \* \*

In view of the fact that the Congress has provided in paragraph 1529 (a), *supra*, that articles in part of lace "by whatever name known" shall be dutiable thereunder, and as we hold on the record presented that the involved articles are in part of lace, it is immaterial by what name they are bought and sold and designated in the trade and commerce of the United States. See *Kotzin Bros.* v. *United States*, 14 Ct. Cust. Appls. 99, 104, T. D. 41589.

In offering its proof in this case, counsel for the plaintiffs endeavored to comply with the rule laid down by the Court of Customs and Patent Appeals in the *Shalom* case, *supra*, as to what constituted lace. Six witnesses testified at the trial, three for the plaintiffs and three for the defendant. A detailed statement of all this testimony is not believed necessary or helpful in the decision of this case.

These witnesses gave their opinion as to whether or not they considered the involved gloves to be of lace, or gloves in part of lace, and they also testified as to whether or not, in their opinion, the patterns or designs were inwrought, and whether or not these inwrought patterns or designs were ornamental or are of such character as to ornament the fabric on which they appear. Some of these witnesses testified that some of these gloves are bought and sold and designated in the trade and commerce of the United States as lace gloves, or as gloves in part of lace. Other witnesses testified to the contrary.

In addition to giving careful consideration to the oral testimony and the argument of counsel for both parties, we have examined and considered the exhibits before us in the light of such testimony and argument.

Exhibits 4, 7, 10, 13, and 18 represent items 1155, 1807, 1837, 2018, and 2038, respectively, wherever these items appear upon the invoices.

In harmony with the decision in the Shalom case, supra, we are of the opinion that when it has been established that the involved gloves consist in part of inwrought patterns or designs, which are ornamental or are of such character as to ornament the net fabric on which they appear, they are of sufficient importance to characterize as lace that portion of the glove on which they appear, and that the degree of ornamentation is immaterial and is, therefore, not a question of fact to be determined from the testimony.

Upon a full consideration of the testimonial record and the samples before us, we conclude that the gloves represented by exhibits 1, 2, 5, 6, 8, 9, 11, 12, 14, and 15 are lace gloves, or gloves in part of lace, within the meaning of that term, as set forth in the Shalom case, supra, and are, therefore, dutiable as classified by the collector.

As to the merchandise represented by exhibits 4, 7, 10, 13, and 18, we are convinced that the plaintiffs have shown by the weight of credible testimony, when considered in connection with these samples and in the light of the definition of lace given in the Shalom case, supra, that these gloves either have no inwrought patterns or designs, or if said exhibits have inwrought patterns or designs, such inwrought patterns or designs are not ornamental and are not of such character as to ornament the gloves on which they appear or form a part. Therefore, the merchandise represented by exhibits 4, 7, 10, 13, and 18 are not lace gloves, or gloves in part of lace, but are dutiable at the rate of 30 per centum ad valorem under paragraph 917 of the Tariff Act of 1930, as modified, supra, as alleged by the plaintiffs.

To the extent indicated, the specified claim in said suits is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.