(C.D. 2516)

RALPH C. MORTON, D.B.A. SOUTHWEST ATHLETIC & SCHOOL SUPPLY CO. ET AL. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 24, 1965)

*Stein & Shostak* (*S. Richard Shostak* and *Marjorie M. Shostak* of counsel) for the plaintiffs.
*John W. Douglas*, Assistant Attorney General (*James F. O'Hara* and *Herbert L. Warren*, trial attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: The six protests enumerated in the schedule attached to and made a part of this decision have been consolidated for purposes of trial. The question presented by said protests is whether the pocketknives covered thereby are knives of the kind provided for in paragraph 354 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 354), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, for which duty at the rate of 17½ cents each and 27½ per centum ad valorem is provided.

It is the contention of plaintiffs herein that the articles in controversy, although within the paragraph invoked by the collector of customs, come within the excepting language of the modification in the General Agreement on Tariffs and Trade, *supra*, and are encompassed by the subsequent modification of said paragraph 354 by the Annecy Protocol to the General Agreement on Tariffs and Trade, 84 Treas. Dec. 403, T.D. 52373, supplemented by Presidential proclamation, 85 Treas. Dec. 116, T.D. 52462, whereby pocketknives with folding blades and steel handles ornamented or decorated with etchings or gilded designs and valued at more than $6 per dozen were provided for at the compound rate of duty of 10 cents each and 25 per centum ad valorem.

· To place the competing provisions in perspective, we quote below the pertinent portions of the statutes:

Paragraph 354 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, *supra:*

Penknives, pocketknives, clasp knives, pruning knives, budding knives, erasers, manicure knives, and all knives by whatever name known, including such as are denominatively mentioned in the Tariff Act of 1930, which have folding or other than fixed blades or attachments, all the foregoing (except penknives and pocketknives which have folding blades and steel handles ornamented or decorated with etchings or gilded designs or both), valued at more than $6 per dozen_____ 17½¢ each and 27½% ad val.

\*       \*       \*       \*       \*       \*       \*

Paragraph 354 of said act, as modified by the Annecy protocol, *supra:*

Penknives and pocketknives which have folding blades and steel handles ornamented or decorated with etchings or gilded designs, or both, and valued at more than $6 per dozen_____ 10¢ each and 25% ad val.

A knife representative of the merchandise in controversy was received in evidence as plaintiffs' exhibit 1.

During the trial of this case, the parties hereto entered into the following stipulation of fact:

1. That the knives in controversy have folding blades and steel handles and are valued over $6 per dozen.

2. The portion of exhibit 1 within the indented arrow, appearing thereon, including the indented arrow, the words "CONVAIR DIVISION OF GENERAL DYNAMICS," and a Delta-wing design, were applied to the knife by etching.

3. That the wavy lines on both sides of exhibit 1 were created by some process other than by etching.

4. That the etched Delta-wing design on the knife is not the trademark of General Dynamics.

The only witness called to testify in this case was Ralph C. Morton who appeared for the plaintiffs. Morton identified himself as the owner of a wholesale office supply, stationery, and importing business and stated that he had imported the knives in issue. Morton also testified that Delta-wing aircraft are produced by manufacturers other than the General Dynamics Co.

Government counsel admitted that the Delta-wing design is not the trademark of anybody.

In reaching a determination of this case, a consideration will first be given to whether the etching on the steel handles of the imported knives ornamented or decorated said knives.

As was stated in the case of *United States* v. *Mutual China Co. et al.,* 9 Ct. Cust. Appls. 232, T.D. 38202, "Whether or not an article is

'ornamented' or 'decorated' is a question of fact to be determined with reference to the particular article * * *."

Resort to lexicographic authorities discloses the following definitions of the words "decorate" and "ornament":

Webster's New International Dictionary of the English Language, second edition, 1958:

decorate, *v.* 1. a To grace with something that adorns or honors. b To increase in beauty by the addition of something becoming or beautiful; to embellish; as, to *decorate* a palace wall, * * *. 2. To set off by ornamental accessories; to deck with striking, and often incongruous, additions; to garnish; as, to *decorate* a plain tale with fictions.

ornament, *v. t.* To provide with ornament; decorate; embellish; as, to *ornament* a room, or a city.

Funk & Wagnalls New Standard Dictionary of the English Language, 1956:

decorate, *vt.* 1. To deck or adorn, as with something ornamental; embellish; beautify; as, to *decorate* a house.

ornament, *vt.* To embellish with ornaments; adorn; bedeck; as, to *ornament* a temple.

While no case comes to light wherein this court ruled upon the application of the words "decorated" and "ornamented" as applied to handles of pocketknives covered by paragraph 354 of the Tariff Act of 1930, the parties in their briefs make reference to several cases wherein those terms have been applied to other commodities such as china, glassware, and so forth. Consideration has been given to all of said cases and particular note has been taken of the case of *Koscherak et al.* v. *United States*, 98 Fed. 596. The court, in that case, was confronted with the question of whether or not certain glass bottles were ornamented or decorated. A description of the merchandise there in issue set forth in said decision reads as follows:

Upon some of these bottles, occupying a space of 3 by 2 inches, inclosed within rectangular lines, are the words: "Otto Brandt, Newark, N.J. This siphon not to be sold." The lines and words are etched upon the clear glass. Upon the other bottles the lines of the figure of a woman, and the general outline of the design, as well as the inscription, appear in the clear glass upon an etched background, occupying a space of about 3 by 5 inches. Within an oval panel containing the figure are the words, "Hygeia," on one side, and "Trade-Mark," on the other. This panel rests upon a scrolled base containing the words, "Hygeia Sparkling Distilled Water Company, 351 and 353 West 12th Street, New York, Copyrighted by F. T. King, 1883,"—the whole design being artistic and decorative in its effect.

The court was there of the opinion that, as to the first bottle where there was nothing etched thereon except the name and address of the owner, with the words "This siphon not to be sold," it was not a decorated or ornamented bottle. As to the other bottle, however, where the figure of a woman combined with scrollwork and background

appeared, it was clearly an ornamental design and, being decorative in appearance, caused the bottle to be ornamented or decorated within the tariff provision therefor. It is also interesting to note that the court reached its conclusion as to the second bottle, despite the fact that the ornamental design was also a trademark.

An examination of the knife in evidence as exhibit 1, representative of the imported merchandise, discloses that, apart from the words "CONVAIR DIVISION OF GENERAL DYNAMICS" appearing on the handle, the arrow with a Delta-wing design inserted within the head thereof, produced by an etching process, adorns or embellishes the knife handle and, therefore, constitutes a decoration or ornamentation thereof. That being so, the articles in controversy meet all the requirements of the provision in paragraph 354 of the Tariff Act of 1930, as modified by the Annecy protocol, for "pocketknives which have folding blades and steel handles ornamented or decorated with etchings * * *, and valued at more than $6 per dozen," as claimed by plaintiffs. The question of whether said articles also are "ornamented or decorated with * * * gilded designs," as is likewise claimed by plaintiffs, becomes moot.

Accordingly, we hold that the pocketknives in issue should properly have been subjected to duty at the compound rate of 10 cents each and 25 per centum ad valorem as pocketknives with folding blades and steel handles ornamented or decorated with etchings, valued at more than $6 per dozen, in paragraph 354 of the Tariff Act of 1930, as modified by the Annecy protocol, *supra*. That claim in the protests is, therefore, sustained. All other claims are overruled.

Judgment will issue in accordance with the views above expressed.